222 N.J. Super. 336 (1988)
536 A.2d 1295
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CYNTHIA BURGER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 15, 1987.
Decided January 20, 1988.
*338 Before Judges GAYNOR and ARNOLD M. STEIN.
Alfred A. Slocum, Public Defender, attorney for appellant (Roderick T. Baltimore, Assistant Deputy Public Defender, of counsel and on the letter brief).
John P. Goceljak, Special Deputy Attorney General-in-Charge, Acting Passaic County Prosecutor, attorney for respondent (Steven E. Braun, Special Deputy Attorney General, Acting Senior Assistant Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by GAYNOR, J.A.D.
In appealing from her judgment of conviction for obtaining financial assistance by false representations contrary to the provisions of N.J.S.A. 2C:20-4 and 2A:111-3, the trial court's refusal to overrule the prosecutor's rejection of defendant's *339 application for enrollment in the Passaic County pretrial intervention program is asserted as reversible error. The following appellate arguments are advanced by defendant in support of this contention:
I. THE DENIAL OF DEFENDANT'S APPLICATION FOR ADMISSION INTO THE PRETRIAL INTERVENTION PROGRAM CONSTITUTED A GROSS AND PATENT ABUSE OF DISCRETION.
A. The Defendant Showed Compelling Reasons Justifying Her Admission Into Pretrial Intervention.
B. The Guidelines Of Rule 3:28 and N.J.S.A. 2C:43-12 Were Not Followed.
II. SHOULD THIS COURT NOT FIND THAT THE PROSECUTOR'S DETERMINATION AMOUNTS TO AN ORDINARY ABUSE OF DISCRETION: NOT RISING TO THE LEVEL OF "GROSS AND PATENT" THE APPLICATION FOR ADMISSION INTO PTI MUST BE REMANDED TO THE PROSECUTOR FOR RECONSIDERATION.
III. THE TRIAL COURT'S AFFIRMANCE OF THE PROSECUTOR'S DECISION TO PRECLUDE MS. BURGER FROM ENROLLMENT IN PTI CONSTITUTED A PATENT AND GROSS ABUSE OF DISCRETION BECAUSE THE TRIAL COURT APPLIED FACTORS FROM A PREVIOUS AND UNRELATED CASE CONCERNING A DIFFERENT DEFENDANT.
Following the denial of her appeal of the prosecutor's opposition to the suspension of criminal proceedings under R. 3:28, defendant entered a plea of guilty pursuant to a plea agreement. In providing a factual basis for her plea, defendant admitted that from 1977 through 1983 she received welfare and food stamps without disclosing that Kinnard Burton, the father of one of her children, had been residing with her and contributing financially to the support of the family. Defendant acknowledged that she had received approximately $25,000 in excess of the amount of public assistance to which she was entitled. During the course of the period in question, defendant signed thirteen continuances erroneously indicating that she had no income from sources other than her own employment.
The director of the county PTI project had determined that defendant satisfied the eligibility requirements under Guideline 3(i)(2) "to make her a suitable candidate and justify for enrollment." He further observed:
On her own behalf, the defendant stated that she has two (2) children whom she would like to raise rather than being placed in jail for making a mistake that *340 she realizes now should not have been made. She further stated that she is willing to "do anything to correct her mistake", and is "sorry that it happened".
Ms. Burger has already begun to make restitution as verified by the Passaic County Board of Social Services and she has stressed that she will make regular payments in the future. Her desire to make restitution and her efforts in that regard are viewed as commendable for someone with such limited income and must be considered as favorable. Her attitude indicates an amenability to rehabilitation and a potential responsiveness to correction.
The prosecutor's objection to the director's decision was based upon the following reasoning set forth in a letter to defendant's counsel:
Pursuant to Guideline 3(i) the nature of the offense is a factor to be considered in reviewing the application. The facts of this case indicate that the fraud continued from January 1977 through November 1983, a six year period of time. Since the amount of the fraud is substantial, and the period of time involved is great, the position of the State is that this is part of a continuing criminal business or enterprise and under Guideline 3(i), the defendant's application should generally be rejected. Based upon the circumstances of the case, it is the position of the State that the defendant has failed to show her amenability to a rehabilitative process.
In the argument before the trial court, the prosecutor explained that because "the quantum of the crime" was so serious "the nature of the offense itself mandates ... the social need for prosecution." The trial judge concluded that the prosecutor's decision could not be overturned "because the court cannot find that his determination constitutes a clear error in judgment or that he failed to account for all relevant factors or that his determination constitutes a patent and gross abuse of discretion." In challenging the validity of this conclusion, the asserted failure of the prosecutor to have considered the individualistic factors which demonstrated defendant's amenability to correction and potential responsiveness to rehabilitation is now urged as indicative of the abuse of discretion warranting defendant's enrollment in the program without prosecutorial consent. Specifically, defendant points to the work effort undertaken for the support of her children, the absence of any prior contact with the criminal justice system or any history of drug or alcohol abuse, the non-violent nature of her transgression, the acknowledgment of guilt and the willingness to make *341 restitution as factors which, if assessed by the prosecutor in evaluating defendant's suitability as a candidate for PTI, should have resulted in an approval of the program director's decision to enroll defendant.
It is uncontroverted "that a defendant must `clearly and convincingly establish that the prosecutor's refusal to sanction admission into [a PTI] program was based on a patent and gross abuse of his discretion' before a court could suspend criminal proceedings under R. 3:28 without prosecutorial consent." [Emphasis in original.] State v. Dalglish, 86 N.J. 503, 509 (1981), quoting from State v. Leonardis, 73 N.J. 360, 382 (1977). Such abuse of discretion arises upon a showing that the rejection is not premised upon a consideration of all relevant factors, is based upon a consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment. It must further be shown that the prosecutorial error will clearly subvert the goals underlying pretrial intervention. State v. Bender, 80 N.J. 84, 93 (1979). A court's review of a prosecutor's denial of consent normally is limited to the reasons given by the prosecution for his action and, in the absence of evidence to the contrary, it is presumed that the prosecutor considered all relevant factors in rendering the decision. Id. at 94.
There can be no quarrel with the prosecutor's determination that defendant's crime fell within the ambit of Guideline 3(i)(2) as a continuing criminal enterprise and thus generally to result in rejection from PTI. State v. Sutton, 80 N.J. 110, 117-118 (1979). However, a defendant's admission to a PTI program must be measured according to his or her amenability to correction and responsiveness to rehabilitation as well as by the nature of the offense involved. N.J.S.A. 2C:43-12b; State v. Leonardis, 71 N.J. 85, 122 (Leonardis I). It is evident that the prosecutor's rejection of defendant's application was premised on the perceived seriousness of the offense. Although it was stated that consideration had been given to defendant's *342 failure "to show her amenability to a rehabilitative process," the prosecutor's subsequent acknowledgment that "her attitude is positive" suggests that factors indicating defendant's amenability to correction and responsiveness to rehabilitation had not been fully considered by the prosecutor in rejecting the project director's determination that defendant was a suitable candidate for PTI. Consequently, we hesitate to indulge the presumption permitted under Bender that this decision of the prosecutor was based upon an adequate consideration of all relevant factors bearing upon defendant's application. 80 N.J. at 94.
As noted in Sutton, a prosecutor's statement of reasons should refer to the factors present in a defendant's background as well as those relating to the offense which led to the conclusion that admission to PTI should be denied. 80 N.J. at 117. Here, the statement made no reference to such individualistic factors applicable to defendant and erroneously concluded that she was not amenable to rehabilitation. The subsequently asserted reason that a societal need for rrosecution mandated the rejection appears to be nothing more than a reflection of the prosecutor's reliance upon the nature of the offense as ground for his determination.
We therefore agree with the trial judge's initial reaction that a remand for further consideration by the prosecutor was thus appropriate. Although the prosecutor's decision may not have constituted a patent and gross abuse of discretion, as it was not premised upon a consideration of all relevant factors a reconsideration was warranted. State v. Dalglish, 86 N.J. 503, 509-510 (1981).
Although we need not consider defendant's further point, we are satisfied that the trial judge's inadvertent reference in his oral opinion to a previous matter had no effect upon his decision.
*343 For the reasons stated, the judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.