STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. DANA
A. GARRISON, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 1, 1989—Decided April 24, 1989.

Before Judges KING, ASHBEY and SKILLMAN.

*Jeanne T. Covert,* Assistant Prosecutor, argued the cause for appellant (*Stephen G. Raymond,* Burlington County Prosecutor, attorney; *Jeanne T. Covert,* of counsel and on the letter brief).

*William R. Barbour,* Assistant Deputy Public Defender, argued the cause for respondent (*Alfred A. Slocum,* Public Defender, attorney; *William R. Barbour,* on the letter brief).

The opinion of the court was delivered by

ASHBEY, J.A.D.

On April 28, 1988, defendant Dana Garrison was indicted for one count of first degree armed robbery, one count of first degree conspiracy, and one count of possession of a weapon for an unlawful purpose, a third degree offense. Garrison applied for and was rejected by the Burlington County Pretrial Intervention Program (PTI). Defendant appealed the rejection to the Law Division.[1] On November 14, 1988, the trial judge issued a letter opinion reversing the PTI rejection and admitting defendant into the program. The State's motion for leave to appeal was granted.

The factual basis for the indictment must be considered undisputed for purposes of the PTI application. Garrison was an accomplice to an armed robbery in which one William Carter entered a liquor store wearing a dark blue ski mask with eye and nose holes, and using a gun, robbed the store of $500. Carter then left in a car driven by defendant Garrison. Carter gave Garrison $100. Both Garrison and Carter were under the influence of cocaine and alcohol.

In his PTI rejection letter the PTI Director said,

...There is a need for society's prosecution [of] an individual who participate[s] in armed robberies where a firearm is used. In fact this is a crime of the first degree which makes it one of the most serious crimes under New Jersey Criminal Law.

The Director also said that not only had defendant been discharged from the Navy for substance abuse, but that defendant had lied about his drug habit in order to get into the Navy. The Director observed that, although defendant had prior opportunities, he first obtained help for his addiction only after he had been charged with this criminal offense.

The help which defendant received and to which the Director referred was at Hampton Psychiatric Hospital, where defendant was diagnosed as having a major depression with a guard-

---

[1] Although there was oral argument, no transcript was submitted on appeal.

ed prognosis. From there defendant was discharged to out-patient psychotherapy with Dr. Harvey Musikoff, a psychologist. Dr. Muskikoff filed a report with the court which said that Garrison "suffers from major depression with melancholia and thought disturbance within a borderline personality." His thought processes were so impaired that he could not logically think through the consequences of the crime he committed. Dr. Musikoff recommended:

> The public welfare will not be compromised if he is allowed to participate in a Pretrial Intervention Program. Moreover, this would enhance the gains already made toward his recovery. This man has considerable potential, which will not be realized in prison. It is, therefore, that I recommend the following program:
>    1. Individual psychotherapy;
>    2. Psychotropic medication;
>    a. Nortryptyline;
>    b. Lithium.
>    3. Alcohol Anonymous and Narcotics Anonymous;
>    4. Fulltime employment;
>    5. Community Service.

*R.* 3:28(f) provides that there is no pre-trial appeal from a rejection by the PTI program director. However, where the designated or assignment judge reverses the prosecutor for denying consent to the enrollment of a defendant, the prosecutor may appeal by leave granted under *R.* 2:2. This is such an appeal.

The State rejected defendant based on Guideline 3(i) of *R.* 3:28 which provides that "[a] defendant charged with a first or second degree offense ...should ordinarily not be considered for enrollment in a PTI program except on joint application by the defendant and the prosecutor." Under that rule the applicant has the opportunity to present to the program director (and through him to the prosecutor) facts demonstrating his amenability to the rehabilitative process, showing "compelling" reasons to justify his admission.

The judge stated that compelling reasons for the admission of Garrison should be defined as follows:

"Compelling reasons" are those reasons which, when based upon an analysis of all PTI factors, compel a conclusion that admission to the program better serves the purposes of PTI than nonadmission, that a denial of the application would be unfair. A balancing of the PTI factors is required. The positive must outweigh the negative to such an extent that reasonable persons cannot differ as to the appropriate result.

The judge found that Garrison had used drugs since age 13. (He was then age 20). He had been discharged from the Navy as a result of drug use, a practice which he untruthfully denied when questioned by the Navy. He had a high intelligence and except for his drug abuse, an excellent school and community record.

The judge noted the seriousness of the offense, but rejected that as a determinative reason to deny PTI. While the judge also recognized a substantial reason to reject defendant in his untruthfulness in connection with his Navy experience, he found Garrison's admission to PTI would fulfill the purposes of the program. Emphasizing that the central consideration in PTI admission is the person himself, the judge found that defendant's potential for good citizenship and his achievements were ignored by the Director. He said the rejection letter's reference to the Hampton Hospital's finding that Garrison's prognosis was "guarded" was inaccurate and that other factors listed in the guidelines favored Garrison's admission, such as his: absence of prior criminal record, motivation, age, and the absence of objection from the victim. He further found the crime was not part of a continuing criminal pattern, defendant had no history of violence and he was not part of organized criminal activity. He found that defendant met the criteria recently enunciated in *State v. Burger*, 222 *N.J.Super.* 336, 341 (App.Div.1988), that "a defendant's admission to a PTI program must be measured according to his or her amenability to ...rehabilitation as well as by the nature of the offense involved."

It is, of course, clear that the prosecutor's recommendation is subject to reversal only if it represents "a patent and gross abuse of discretion." *Ibid.* In *State v. Burger*, involving a charge of welfare fraud, we noted that the prosecutor had acknowledged that defendant's attitude was positive. *Id.* at 342. There was no such acknowledgment in this case. Hampton Hospital's report contained many negative findings concerning defendant's characteristics as a whole person, as the Director noted. The authors of that report found defendant "narcissistic," "taking advantage of others to achieve his own ends," with a "grandiose sense of self-importance," with a "sense of entitlement," a "lack of empathy toward others" and "some antisocial characteristics" as demonstrated in his current charges for conspiring in the armed robbery.

The Director's rejection reasons adopted by the Prosecutor reflected the application of the criteria contained in *N.J.S.A.* 2C:43–12e(1), (2), (7), (8), (10), (14) and (17). In our view, these reasons also reflected the Director's consideration of defendant as a person.

While it was the judge's view that defendant's potential could not be realized in prison, it is the prosecutor's properly informed determination under the statute which the courts must respect. In *State v. Hess*, 198 *N.J.Super.* 322, 326 (App.Div. 1984), we held that:

> Judicial review of the prosecutor's decision is narrowly limited and is available to check only the most egregious examples of injustice and unfairness. *State v. Leonardis (II)*, 73 *N.J.* 360, 380–384 (1977).

See also *State v. Dalglish*, 86 *N.J.* 503, 513 (1981); *State v. Bender*, 80 *N.J.* 84, 93 (1979); *State v. Sutton*, 80 *N.J.* 110, 119 (1979); *State v. Litton*, 155 *N.J.Super.* 207, 212 (App.Div.1977).

Our careful review of the record persuades us that rejecting defendant from PTI was not an egregious example of injustice or unfairness, *State v. Hess*, 198 *N.J.Super.* at 326. We accordingly reverse the Law Division's contrary ruling.