265 N.J. Super. 106 (1993)
625 A.2d 579
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
GLEN PATRICK KRAFT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 27, 1993.
Decided June 7, 1993.
*109 Before Judges MICHELS, BAIME and WALLACE.
Robert W. Gluck, Middlesex County Prosecutor, attorney for appellant (John N. Shaughnessy, Assistant Middlesex County Prosecutor, of counsel and on the brief).
Zulima V. Farber, Public Defender, for respondent (Linda Smink, Assistant Deputy Public Defender, of counsel and on the letter brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
We granted the State leave to appeal from an order of the Law Division that reversed the determination of the Middlesex County Prosecutor to withhold consent to the admission of defendant Glen Patrick Kraft into the Middlesex County Pretrial Intervention (PTI) program.
Briefly, defendant was indicted by a Middlesex County Grand Jury and charged with (1) burglary, a crime of the third degree, in violation of N.J.S.A. 2C:18-2 and (2) theft by unlawful taking, a crime of the fourth degree, in violation of N.J.S.A. 2C:20-3. This indictment also charged co-defendant Jeffrey Hildebrandt with the same two offenses. Thereafter, defendant pleaded not guilty to the offenses charged in the indictment and, on the same date, *110 applied for admission into the Middlesex County PTI program. His application was approved by the Program Director.
However, the Middlesex County Prosecutor's Office refused to consent to defendant's admission into the PTI program. The rejection was grounded upon the nature of the offense involved. Specifically, the Prosecutor indicated that the burglary of a dwelling is "a most serious offense," and one which is "worthy of vigorous prosecution." Thus, the Prosecutor concluded that the public interest would best be served by prosecuting this type of offense rather than diverting defendant into PTI. Defendant appealed to the Law Division, where the trial court held that the Prosecutor's rejection of defendant's application had been improper, and ordered that defendant be admitted into the PTI program. We granted the State leave to appeal from this order.
The State contends that the trial court erred by compelling the admission of defendant into the PTI program over the Prosecutor's objection. It maintains that the trial court failed to afford the Prosecutor's decision not to consent to defendant's admission into PTI the deference that it was due under the governing law. We agree and reverse.
The review of a prosecutor's decision regarding whether or not a particular defendant should be admitted into PTI involves sensitive issues. While our Supreme Court has upheld judicial review in this area as being consistent with applicable principles under the separation of powers doctrine, it has also plainly instructed that "the scope of such review should be limited." State v. Leonardis, 73 N.J. 360, 381, 375 A.2d 607 (1977) (Leonardis II). In addressing the particular concerns which are implicated in this context, the Court explained that:
[J]udicial review of a prosecutor's decision whether or not to suspend criminal charges infringes on both the Legislature's power to define crimes and the Executive's responsibility to enforce the laws and therefore must be performed with sensitivity. Since the Legislature has established a PTI program with judicial review, [N.J.S.A. 2C:43-12 to 2C:43-22,] the problem of judicial interference with legislative authority has been eliminated. Nevertheless, [the] concern about unwarranted interference with prosecutorial prerogative persists.... [State v. Dalglish, 86 N.J. 503, 513, 432 A.2d 74 (1981)].
*111 Thus, it has clearly been acknowledged that this decision lies, in the first instance, with the prosecutor, and once he has determined that he will not consent to the diversion of a particular defendant, his decision is to be afforded great deference. Leonardis II, supra, 73 N.J. at 381, 375 A.2d 607. See also State v. DeMarco, 107 N.J. 562, 566, 527 A.2d 417 (1987); State v. Dalglish, supra, 86 N.J. at 509, 432 A.2d 74; State v. Bender, 80 N.J. 84, 89, 402 A.2d 217 (1979); State v. Hoffman, 224 N.J. Super. 149, 155, 539 A.2d 1254 (App.Div. 1988); State v. Litton, 155 N.J. Super. 207, 212, 382 A.2d 664 (App.Div. 1977). In fact, the level of deference which is required is so high that it has been categorized as "enhanced deference" or "extra deference." See State v. DeMarco, supra, 107 N.J. at 566, 527 A.2d 417; State v. Dalglish, supra, 86 N.J. at 513-14 n. 1, 432 A.2d 74; State v. Hoffman, supra, 224 N.J. Super. at 155, 539 A.2d 1254. Beyond this, it has been expressly noted that the scope of any review in this area is to be "severely limited." State v. Bender, supra, 80 N.J. at 89, 402 A.2d 217. See also State v. Litton, supra, 155 N.J. Super. at 212, 382 A.2d 664. In fact, our Supreme Court has announced that there is an expectation that a prosecutor's decision in this regard "rarely will be overturned." Leonardis II, supra, 73 N.J. at 380 n. 10, 375 A.2d 607; State v. Litton, supra, 155 N.J. Super. at 212, 382 A.2d 664. Thus, judicial review, in actuality, exists "to check only the most egregious examples of injustice and unfairness." State v. DeMarco, supra, 107 N.J. at 566, 527 A.2d 417; Leonardis II, supra, 73 N.J. at 384, 375 A.2d 607; State v. Litton, supra, 155 N.J. Super. at 212, 382 A.2d 664.
The reason for this elevated standard of review stems from "[t]he need to preserve prosecutorial discretion in deciding whether to divert a particular defendant from the ordinary criminal process...." State v. Dalglish, supra, 86 N.J. at 509, 432 A.2d 74. Prosecutorial discretion in this context is critical for two reasons. First, because it is the fundamental responsibility of the prosecutor to decide whom to prosecute, and second, because it is a primary purpose of PTI to augment, not diminish, a prosecutor's options. Ibid. See also State v. Hermann, 80 N.J. 122, 128, 402 *112 A.2d 236 (1979); Leonardis II, supra, 73 N.J. at 381, 375 A.2d 607; State v. Leonardis, 71 N.J. 85, 93, 363 A.2d 321 (1976) (Leonardis I).
The extreme deference which a prosecutor's decision is entitled to in this context translates into a heavy burden which must be borne by a defendant when seeking to overcome a prosecutorial veto of his admission into PTI. Specifically, "a defendant must `clearly and convincingly establish that the prosecutor's refusal to sanction admission into [a PTI] program was based on a patent and gross abuse of his discretion' before a court [can] suspend criminal proceedings under R. 3:28 without prosecutorial consent." State v. Dalglish, supra, 86 N.J. at 509, 432 A.2d 74 (quoting Leonardis II, supra, 73 N.J. at 382, 375 A.2d 607). A "patent and gross" abuse of discretion has been defined as follows:
Ordinarily, an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment. In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention. [State v. Bender, supra, 80 N.J. at 93, 402 A.2d 217 (citation omitted) (emphasis added)].
In addition to this extremely deferential standard of review, it is also well settled that a court's scrutiny of a prosecutor's denial of consent is normally limited to the reasons given by the prosecutor for his action. State v. Dalglish, supra, 86 N.J. at 509, 432 A.2d 74; State v. Bender, supra, 80 N.J. at 94, 402 A.2d 217. Furthermore, "[a]bsent evidence to the contrary, it is [to be] presumed that the prosecutor considered all relevant factors before rendering a decision." State v. Dalglish, supra, 86 N.J. at 509, 432 A.2d 74. See also State v. Bender, supra, 80 N.J. at 94, 402 A.2d 217. Against this backdrop, it is quite clear that "a trial [court] does not have the authority in PTI matters to substitute [its own] discretion for that of the prosecutor." State v. Von Smith, 177 N.J. Super. 203, 208, 426 A.2d 59 (App.Div. 1980). This remains so even where the prosecutor's decision is one which the *113 trial court disagrees with or finds to be harsh. See State v. DeMarco, supra, 107 N.J. at 566-67, 527 A.2d 417.
In this matter, the trial court plainly failed to abide by these settled principles. Instead of extending deference to the Prosecutor's decision, and limiting its review thereof, the trial court substituted its own judgment for that of the Prosecutor, and performed what was, in essence, a de novo review of defendant's application. Specifically, it stated, "I just can't fathom what distinguishes this defendant in his background that makes him not an amenable candidate for PTI." Furthermore, the trial court indicated, "I just don't see the circumstance that makes this such an atrocious offense that this defendant shouldn't be given the opportunity through PTI." It then went on to note that, "I don't want to say maybe [the Prosecutor is] off the wall on this one, but he may be." Finally, the trial court concluded by declaring, "I know [t]he [c]ourt isn't supposed to substitute its own feelings for a case, [but] there's just nothing in here that can be stated by the [P]rosecutor's [O]ffice that makes this beyond the realm of PTI." Thereafter, the trial court overturned the Prosecutor's rejection of defendant's application, and ordered that he be admitted into PTI.
Unquestionably, the standard of review which was incorporated by the trial court in this case was not that of "enhanced" or "extra" deference, as has been mandated by our Supreme Court. In fact, our review of this record reveals that the trial court afforded little, if any, deference to the decision of the Prosecutor. This was improper. Beyond this, the trial court's ultimate conclusion, to admit defendant into PTI over the Prosecutor's objection, was clearly erroneous, and requires a reversal. In order to justify such a conclusion, the trial court would have had to have found a "patent and gross" abuse of discretion on the part of the Prosecutor. State v. Dalglish, supra, 86 N.J. at 509, 432 A.2d 74; Leonardis II, supra, 73 N.J. at 382, 375 A.2d 607. Careful scrutiny of this record fails to uncover any such "patent and gross" abuse of discretion.
*114 As noted above, the governing standard in this particular context is set forth in State v. Bender, supra. Thereunder, the essence of defendant's contention below was that the prosecutorial veto in this case was not premised upon all relevant factors, since the Prosecutor had focused exclusively on the nature of the offense, and had failed to consider him as an individual. While the Prosecutor did emphasize the nature of the offense in arriving at his conclusion to reject defendant's application, he is unquestionably entitled, absent evidence to the contrary, to a presumption that he considered all relevant factors before reaching his decision. State v. Dalglish, supra, 86 N.J. at 509, 432 A.2d 74 (emphasis added); State v. Bender, supra, 80 N.J. at 94, 402 A.2d 217 (emphasis added). There is no such evidence in this record which would reasonably lead us, or should reasonably have led the trial court, to conclude that all relevant factors had not been taken into consideration by the Prosecutor. Moreover, even if we were to make the dubious assumption that the Prosecutor's decision had been based on less than all relevant factors, this alone would not amount to a "patent and gross" abuse of discretion. Under Bender, supra, it would further have to be shown that the Prosecutor's error would clearly serve to subvert the goals underlying pretrial intervention. 80 N.J. at 93, 402 A.2d 217. Here, this is simply not the case. We emphasize, as pointed out earlier, that one of the primary goals of PTI has always been to augment, rather than diminish, a prosecutor's options. State v. Hermann, supra, 80 N.J. at 128, 402 A.2d 236; Leonardis II, supra, 73 N.J. at 381, 375 A.2d 607; Leonardis I, supra, 71 N.J. at 93, 363 A.2d 321. The fact that a prosecutor does not utilize the PTI option in every possible instance that it becomes available does not serve to undermine this goal. In fact, the very essence of PTI is that it exists as an alternative, in appropriate cases, to the ordinary criminal process. Undoubtedly, as noted earlier, it is for the prosecutor to determine which cases constitute appropriate ones, and once he has done so, it is expected that this decision "rarely will be overturned." Leonardis II, supra, 73 N.J. at 380 n. 10, 375 A.2d 607; State v. Litton, supra, 155 N.J. Super. at 212, 382 A.2d *115 664. This case clearly did not represent an "egregious example[] of injustice and unfairness," State v. DeMarco, supra, 107 N.J. at 566, 527 A.2d 417, Leonardis II, supra, 73 N.J. at 384, 375 A.2d 607; State v. Litton, supra, 155 N.J. Super. at 212, 382 A.2d 664, and thus, the trial court's order to admit defendant into PTI over the Prosecutor's rejection must be reversed. In light of this reversal, we hold, for the reasons set forth below, that this matter is to be remanded to the trial court with the direction that the Prosecutor's original determination be reinstated and given full effect. See State v. Barrett, 157 N.J. Super. 96, 384 A.2d 558 (App.Div. 1978); State v. Litton, supra.
Without question, the relevant guidelines contemplate that a prosecutor's decision regarding a defendant's application for PTI should take into account a defendant's amenability to correction and responsiveness to rehabilitation, as well as the nature of the offense. See N.J.S.A. 2C:43-12b. See also State v. Sutton, 80 N.J. 110, 119-20, 402 A.2d 230 (1979); Leonardis I, supra, 71 N.J. at 122, 363 A.2d 321. In addition, it is quite clear that the prosecutor should ordinarily place significant emphasis on the individual defendant when making his determination. See State v. Sutton, supra, 80 N.J. at 119, 402 A.2d 230; Leonardis I, supra, 71 N.J. at 101-02 n. 9, 363 A.2d 321; State v. Burger, 222 N.J. Super. 336, 341-42, 536 A.2d 1295 (App.Div. 1988). However, it is also well settled that a prosecutor's refusal to divert a particular defendant can, in appropriate circumstances, be based solely on the nature of the offense charged. See State v. Bender, supra, 80 N.J. at 89, 402 A.2d 217; Leonardis II, supra, 73 N.J. at 382, 375 A.2d 607; State v. Barrett, supra, 157 N.J. Super. at 101, 384 A.2d 558; State v. Litton, supra, 155 N.J. Super. at 212, 382 A.2d 664; Guideline 3(i) of Guidelines for Operation of Pretrial Intervention in New Jersey (Promulgated by the New Jersey Supreme Court pursuant to R. 3:28). Here, the critical inquiry revolves around whether or not this case presents such appropriate circumstances. After careful analysis, we are confident that it does present such circumstances.
*116 The Prosecutor has, throughout the entirety of this matter, stressed the seriousness of defendant's crime in support of his refusal to consent to defendant's admission into PTI. Initially, in his letter to defendant's counsel, which set forth his reasons for denial, the Prosecutor indicated, in relevant part, that:
In our view, a burglary of a dwelling is always a most serious offense. It is an offense which is worthy of vigorous prosecution rather than of diversion. We feel that persons who unlawfully enter the houses of innocent victims and rummage through their belongings and steal the hard earned goods belonging to these victims should face the full force of [the] law. It is necessary to prosecute such cases vigorously if we are to have any hope of deterring this type of behavior in the future. In our view burglary is a source of fear and anxiety on the part of homeowners everywhere. We feel that the public interest is best served by prosecution of these types of offenses rather than diversion. For these reasons we will not consent to Pre-Trial Intervention in this case.
Thereafter, during the argument of defendant's appeal from the denial of his application for admission into PTI, the Prosecutor reiterated his stance, declaring that:
The nature of the offense here is a serious one and granting [defendant] an application to the PTI [program] would deprecate the seriousness of other residential burglar[ies]....
It cannot reasonably be disputed that the burglary of a residence is a serious offense. Nor can it be earnestly debated that such an offense accounts for a legitimate source of fear and anxiety on the part of homeowners. Undoubtedly, these already existent and justified fears would only be heightened if the public were to detect a lack of vigorous prosecution, whether real or perceived, relating to such offenses. In light of these factors, the Prosecutor's conclusion that the public interest would best be served in this matter by prosecution rather than by diversion can hardly be faulted.
Unquestionably, policy determinations, such as which offenses to aggressively prosecute, fall within the domain of the prosecutor, not the judiciary. State v. Dalglish, supra, 86 N.J. at 511, 432 A.2d 74. This stems primarily from the fact that it is the fundamental responsibility of the prosecutor to decide whom to prosecute. Id. at 509, 432 A.2d 74; Leonardis II, supra, 73 N.J. at 381, 375 A.2d 607. Additionally, as noted above, once such a *117 decision has been made, it is entitled to great deference. See, e.g., State v. DeMarco, supra, 107 N.J. at 566, 527 A.2d 417; State v. Dalglish, supra, 86 N.J. at 509, 432 A.2d 74; State v. Bender, supra, 80 N.J. at 89, 402 A.2d 217; Leonardis II, supra, 73 N.J. at 381, 375 A.2d 607; State v. Hoffman, supra, 224 N.J. Super. at 155, 539 A.2d 1254; State v. Litton, supra, 155 N.J. Super. at 212, 382 A.2d 664. Certainly, a reviewing court is not permitted to "discount the prosecutor's responsiveness to the prevailing level of local public anxiety over certain forms of misconduct and its proper effect upon him in choosing between the goals of public deterrence and the least burdensome form of rehabilitation for the offender." State v. Litton, supra, 155 N.J. Super. at 215, 382 A.2d 664.
However, that is precisely what took place here. In fact, the trial court actually sought to unearth circumstances surrounding this offense which would serve to undermine, rather than support, the Prosecutor's determination. Specifically, the trial court announced:
Okay its a house burglary, those aren't good, [but] nobody was home, it's not that he was in the house threatening somebody or there was a potential for violence. [Emphasis added].
While it is true that there may have been no one present in the particular dwelling that defendant burglarized, the record indicates that this residence was part of an apartment complex and thus, was surrounded by neighboring units. Certain of these units were in such close proximity to the subject one that their occupants could hear, and possibly even see, what was transpiring therein. Under such circumstances, there clearly existed a significant potential for violence, which could easily have been realized if one of the victim's neighbors had interrupted the perpetrators in the middle of their crime. Thus, not only did the trial court err in attempting to downplay the severity of the particular offense involved here, its rationale for doing so was deficient.
In contrast, the Prosecutor's reasons for denying defendant admittance into PTI were entirely unassailable, as they were expressly grounded upon criteria set forth in the governing statute. *118 See generally N.J.S.A. 2C:43-12e. In addition to validly relying on the nature of the offense charged (N.J.S.A. 2C:43-12e(1)), the Prosecutor also took into account the needs and interests of society (N.J.S.A. 2C:43-12e(7)), whether or not the crime charged was of such a nature that the value of PTI treatment would be outweighed by the public need for prosecution (N.J.S.A. 2C:43-12e(14)) and whether or not the harm done to society by abandoning criminal prosecution would outweigh the benefits to be derived by society from the channeling of this defendant into PTI (N.J.S.A. 2C:43-12e(17)). It has long been acknowledged that PTI, as a tool in the criminal justice system, must be used primarily for the benefit of the public. State v. Hermann, 160 N.J. Super. 283, 291, 389 A.2d 975 (App.Div. 1978), rev'd on other grounds, 80 N.J. 122, 402 A.2d 236 (1979). In this matter, the Prosecutor determined that the public would benefit most from prosecution rather than diversion. This conclusion was entirely reasonable and supportable. It did not in any way represent an abuse of discretion, much less a "patent and gross" abuse of discretion. Therefore, it should not have been upset by the trial court.
Furthermore, it should be noted that there exists another factor in this particular case which weighs against the diversion of this defendant. Namely, it is the fact that the co-defendant in this matter, Jeffrey Hildebrandt, has been denied diversionary treatment and thus, will be subjected to the criminal process. Under such circumstances, as the State properly points out, the diversion of defendant Kraft could create certain problems which would adversely affect the prosecution of co-defendant Hildebrandt. Such potential problems represent a valid area of concern for the State under the applicable statutory criteria. See N.J.S.A. 2C:43-12e(15) and (16). See also Guideline 3(j) of Guidelines for Operation of Pretrial Intervention in New Jersey, supra. In fact, this court has plainly acknowledged that such concerns can serve as a legitimate basis for the denial of a defendant's application for diversionary treatment. See State v. Barrett, supra, 157 N.J. Super. at 103, 384 A.2d 558 (indicating that the State stands a far *119 better chance of successful prosecution of a co-defendant where a defendant seeking diversion is required to go through the regular criminal process; under such circumstances the State is much more likely to obtain, through plea negotiations, the concerned defendant's cooperation in prosecuting the co-defendant). Thus, the trial court clearly erred in overturning the Prosecutor's denial of defendant's application for admission into PTI, and in further ordering his admission into PTI over the Prosecutor's objection.
Accordingly, the order of the Law Division overturning the Prosecutor's rejection of defendant's application for admission into PTI is reversed, and the matter is remanded to the trial court for further criminal proceedings in accordance with the Prosecutor's original determination.