**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0739-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KAITLYN M. BRENNAN,

    Defendant-Appellant.

_____

Submitted December 21, 2016 — Decided March 16, 2017

Before Judges Alvarez and Manahan.

On appeal from Superior Court of New Jersey,
Law Division, Morris County, Indictment No.
14-02-0188.

Joseph E. Krakora, Public Defender, attorney
for appellant (Marcia Blum, Assistant Deputy
Public Defender, of counsel and on the brief).

Fredric M. Knapp, Morris County Prosecutor,
attorney for respondent (Erin Smith Wisloff,
Supervising Assistant Prosecutor, of counsel
and on the brief).

PER CURIAM

    Defendant Kaitlyn Brennan appeals the denial of her admission

into the Pretrial Intervention Program (PTI).  We affirm.

We discern the following facts and procedural history from the record on appeal. On August 10, 2013, while living in her parents' home, defendant and a co-defendant stole tools amounting to approximately $762 from defendant's parents for drug money. Subsequently, on October 28, 2013, defendant and a co-defendant burglarized defendant's neighbor's home, stealing a television and multiple pieces of jewelry valued at approximately $33,000.

On March 6, 2014, defendant was charged in an indictment with third-degree theft, N.J.S.A. 2C:20-3(a) (counts one and five); third-degree conspiracy to commit theft, N.J.S.A. 2C:5-2 and 2C:20-3a (count two); third-degree burglary, N.J.S.A. 2C:18-2(a) (count three); and third-degree conspiracy degree to commit burglary, N.J.S.A. 2C:5-2 and 2C:18-2(a) (count four). Defendant was also charged with one count of criminal mischief, a disorderly persons offense, N.J.S.A. 2C:17-3A(1), and third-degree theft by unlawful taking, by warrant complaint, N.J.S.A. 2C:20-3A.

Defendant applied for admission into PTI. The Criminal Division recommended that defendant's application be rejected, premised upon the fact that these offenses were not "victimless" and that defendant is twenty-eight years old, has not worked in two years, and will not be able to pay restitution and fees. By letter dated April 30, 2014, the prosecutor explained that upon consideration of the relevant factors enumerated in N.J.S.A.

2C:43-12(e), in line with Rule 3:28, factors (1)-(2), (7)-(8) and (14)-(17) militated against defendant's admission into PTI. Thus, defendant's application was denied.

Thereafter, defendant appealed to the Law Division. A hearing was held on September 11, 2014, before Judge Mary Gibbons Whipple, who denied the appeal in a nine-page written opinion.

On July 1, 2015, defendant pled guilty to third-degree conspiracy to commit burglary, N.J.S.A. 2C:5-2 and 2C:18-2(a) (count four). The remaining counts were dismissed. In accordance with the plea agreement, on July 21, 2015, defendant was sentenced to a three-year term of probation, fines and applicable costs, no contact with her neighbors, and community service. This appeal followed.

Defendant raises the following point on appeal:

POINT I

> THE PROSECUTOR'S REFUSAL TO ALLOW DEFENDANT TO ENROLL IN PTI CONSTITUTED A PATENT AND GROSS ABUSE OF DISCRETION BECAUSE SHE FAILED TO CONSIDER THE FACTORS THAT SUPPORTED ADMISSION AND BECAUSE SHE, AND THE REVIEWING COURT, PLACED EXCESSIVE AND UNJUSTIFIED WEIGHT ON THE FACT THAT ONE OF THE CHARGES INVOLVED A RESIDENTIAL BURGLARY.

On appeal, defendant argues the relevant PTI admission factors were not considered. We disagree. Having reviewed the record and the arguments made on appeal in light of the applicable

3

law, we affirm substantially for the reasons set forth in Judge Whipple's comprehensive and well-reasoned written opinion upholding the prosecutor's decision. We add only the following brief comments.

Judicial review of the State's decision for PTI is severely limited. State v. Nwobu, 139 N.J. 236, 246 (1995) (citing State v. Kraft, 265 N.J. Super. 106, 111 (App. Div. 1993)); State v. Hermann, 80 N.J. 122, 128 (1979). Prosecutors have wide latitude in deciding whom to divert into the PTI program and whom to prosecute. Nwobu, supra, 139 N.J. at 246 (citing Kraft, supra, 265 N.J. Super. at 111). Courts grant "enhanced" or "extra" deference to that decision. Ibid.; accord State v. Baynes, 148 N.J. 434, 443-44 (1997). "Judicial review serves to check only the 'most egregious examples of injustice and unfairness.'" State v. Negran, 178 N.J. 73, 82 (2003) (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)); accord Nwobu, supra, 139 N.J. at 246; State v. DeMarco, 107 N.J. 562, 566 (1987).

Consequently, a reviewing court may order a defendant into PTI over the prosecutor's objection only if the defendant can "clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion." State v. Wallace, 146 N.J. 576,

582 (1996) (alteration in original) (quoting <u>Leonardis</u>, <u>supra</u>, 73 <u>N.J.</u> at 382); <u>accord</u> <u>Baynes</u>, <u>supra</u>, 148 <u>N.J.</u> at 444.

In <u>State v. Bender</u>, the Supreme Court explained in detail the definition of patent and gross abuse of discretion in the PTI context:

> Ordinarily, an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment. In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention.
>
> [80 <u>N.J.</u> 84, 93 (1979) (citations omitted).]

Furthermore, "[a]bsent evidence to the contrary, it is presumed that the prosecutor considered all relevant factors before rendering a decision." <u>State v. Dalglish</u>, 86 <u>N.J.</u> 503, 509 (1981); <u>see</u> <u>Wallace</u>, <u>supra</u>, 146 <u>N.J.</u> at 584 ("We presume that a prosecutor considered all relevant factors, absent a demonstration by the defendant to the contrary."); <u>see also</u> <u>Bender</u>, <u>supra</u>, 80 <u>N.J.</u> at 94 ("[U]ntil a defendant demonstrates the contrary, our judges must presume that all relevant factors were considered and weighed prior to a prosecutorial veto.").

Here, in pertinent part, the judge held:

In sum, with the exception of the defendant's criminal history, the State has demonstrated an appropriate consideration of the statutory criteria governing her PTI application. This [c]ourt finds that the State's consideration of N.J.S.A. 2C:43-12(e)(8) does not render its denial of the defendant's application an abuse of discretion or a clear error in judgment. Instead, the [c]ourt finds that the State advances other factors that adequately support the decision to reject her application. In particular, the victim's interests, the prosecution of the co-defendant for conspiracy, and the State's interest in prosecuting and deterring offenses of this nature are alone sufficient to uphold the State's decision. The defendant does not advance any compelling reasons for this [c]ourt to override the prosecutor's exercise of discretion in this case. In addition, the [c]ourt finds that a remand to the prosecutor as a result of its deficient consideration of the defendant's lack of criminal history or continuing pattern of antisocial behavior will serve no useful purpose in light of the other factors that amply support the rejection.

Guided by these considerations, we are satisfied that the judge's findings regarding the prosecutor's articulated reasons for rejecting defendant's admission into PTI are supported by the record. The prosecutor's rejection of defendant's PTI application was not a patent and gross abuse of discretion as the decision "was[] premised upon a consideration of all relevant factors" and did not "amount[] to a clear error in judgment" that subverts "the goals underlying Pretrial Intervention." Bender, supra, 80 N.J. at 93. While sympathetic to defendant's rehabilitation and

sobriety efforts, we have consistently allowed prosecutors wide latitude in deciding whom to admit into PTI. See Negran, supra, 178 N.J. at 82.

Upon review of the record in light of our highly deferential standard of review, we conclude the prosecutor's decision was premised upon relevant and appropriate factors. As such, it was not an "arbitrary, patent and gross abuse of discretion."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION