NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1637-16T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

KRISTIN M. HANSEN,

 Defendant-Appellant.
________________________________

 Submitted November 9, 2017 – Decided November 29, 2017

 Before Judges Alvarez and Currier.

 On appeal from Superior Court of New Jersey,
 Law Division, Mercer County, Indictment No.
 14-01-0100.

 Robin Kay Lord, attorney for appellant.

 Angelo J. Onofri, Mercer County Prosecutor,
 attorney for respondent (Laura Sunyak,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM

 Defendant Kristin Hansen appeals from the March 29, 2016

order confirming the prosecutor's denial of her application for

entry into the Pretrial Intervention Program (PTI). Because we
agree with the trial court that defendant has not established that

the prosecutor's decision to deny PTI was a patent and gross abuse

of his discretionary authority, we affirm.

 A department store's loss prevention supervisor observed

defendant pushing her child in a stroller. The security officer

continued to watch as she shopped, placed numerous items into her

stroller, went into a fitting room, and moved the merchandise into

her handbag and diaper bag. Defendant then attempted to exit the

store without paying for the merchandise. She was stopped by

security and identified herself as a lieutenant at the Middlesex

County Corrections Center. The merchandise removed from her

stroller and purse was valued at over $1600. Defendant was

arrested after the police reviewed the store's surveillance

system, which confirmed the security officer's account of events.

 Defendant was charged in an indictment with third-degree

shoplifting, in violation of N.J.S.A. 2C:20-11(b)(2). Her

application for entry into PTI was approved by the Criminal Case

manager. In her PTI interview, defendant stated she was shopping

at the store when she was stopped by a store employee who

mistreated her. She admitted that she told the security officer

of her position at the corrections center. She said she went near

the exit doors but denied leaving the store with any merchandise.

 2 A-1637-16T4
 In his review of the PTI application, the prosecutor agreed

to admit defendant into the program, conditioned on her resigning

from her public employment. Noting that "PTI decisions are

primarily individualistic in nature and . . . [he] must consider

an individual defendant's features that bear on his or her

amenability to rehabilitation," the prosecutor reviewed the

application with defendant's employment as a "sworn law

enforcement officer in mind."

 The State found defendant was an appropriate candidate for

PTI if she were an ordinary citizen, but not as a law enforcement

officer. The prosecutor stated:

 [t]he State believes, due to Defendant's
 employment, this crime can be viewed as a
 breach of the public trust. Law enforcement
 officials should be held to a higher standard,
 and it can be said they are always on duty and
 are expected to avoid breaking the law.
 Additionally, Defendant's consistent failure
 to fully accept responsibility for her actions
 and to mitigate her offense supports the
 State's contention that she would not be
 responsive to rehabilitation.

The State, therefore, conditioned defendant's entry into PTI upon

the forfeiture of her job. Defendant appealed the decision to the

trial court.

 In a comprehensive written opinion, the trial judge

considered the written submissions and oral argument of counsel.

He found that the State's position was "carefully reasoned and

 3 A-1637-16T4
logical." As defendant was employed as a county corrections

officer at the time of this offense, the judge noted that she was

empowered under the applicable statute "to act as [an officer] for

the detection, apprehension, arrest, and conviction of offenders

against the law." N.J.S.A. 2A:154-3(a). In finding that it was

not a patent and gross abuse of discretion for the State to hold

defendant to a higher standard, the judge said that "[t]he State

reasonably concluded that the defendant's conduct was so

inconsistent with the inherent duties of a law enforcement officer

that she could no longer be permitted to serve in that position."

 The judge considered and rejected defendant's argument that

under State v. DeMarco, 107 N.J. 562, 571 (1987), the prosecutor

could not impose such a condition. Although finding DeMarco

factually different from the circumstances here, the judge noted

that the Supreme Court sanctioned the imposed condition, that the

defendant resign from his public employment. Defendant's appeal

was denied.

 In this appeal, defendant argues that the trial court erred

in finding the State's denial of her application for PTI was not

a patent and gross abuse of discretion. We disagree and affirm.

 Our scope of review of a prosecutor's decision to deny

admission to PTI is "severely limited." State v. Negran, 178 N.J.

73, 82 (2003). We afford the prosecutor's decision great

 4 A-1637-16T4
deference. State v. Wallace, 146 N.J. 576, 582, 589 (1996). A

trial judge can only overturn a prosecutor's decision to deny PTI

upon finding a "patent and gross" abuse of discretion. State v.

Kraft, 265 N.J. Super. 106, 112-13 (App. Div. 1993).

 Our review of a PTI application exists "to check only the

most egregious examples of injustice and unfairness." State v.

Nwobu, 139 N.J. 236, 246 (1995) (quoting Kraft, supra, 265 N.J.

at 111). In short, it is expected that a prosecutor's decision

to reject a PTI applicant "will rarely be overturned." Wallace,

supra, 146 N.J. at 585 (quoting State v. Leonardis, 73 N.J. 360,

380 n.10 (1977)). Absent evidence to the contrary, a reviewing

court must assume that "the prosecutor's office has considered all

relevant factors in reaching the PTI decision." Nwobu, supra, 139

N.J. at 249 (citing State v. Dalglish, 86 N.J. 503, 509 (1981)).

 Defendant argues on appeal, as she did to the trial judge,

that it was a patent and gross abuse of discretion for the State

to condition her admission into PTI on the forfeiture of her

employment because "there is no correlation between the forfeiture

of employment condition and the seriousness of the shoplifting

offense." Therefore, she contends that the forfeiture condition

does not further the rehabilitative goals of PTI.

 It is undisputed that the prosecutor considered all of the

criteria enumerated in N.J.S.A. 2C:43-12(e). In fact, the State

 5 A-1637-16T4
agreed that if defendant were to be considered as an ordinary

citizen, she would be eligible for admission into the program.

However, Guideline 3 promulgated under Rule 3:28, also lists a

number of factors for a prosecutor's consideration. Section (i)

requires an assessment of the nature of the offense. "If the

crime was . . . a breach of the public trust where admission to a

PTI program would deprecate the seriousness of defendant's crime,

the defendant's application should generally be rejected." R.

3:28. After its consideration of this guideline, the State

concluded: "Defendant's employment, the circumstances of the

offense, and Defendant's statements in support of her

application," require her admission into PTI be conditioned on her

"forfeiture of public employment."

 In DeMarco, supra, 107 N.J. at 565, the defendant police

officer was indicted for aggravated assault after he struck another

man with his nightstick. The prosecutor agreed to DeMarco's entry

into PTI, conditioned on his resignation of his position. Id. at

566. The prosecutor relied on the violent nature of the offense,

DeMarco's continued attempt to justify the assault as an act of

self-defense, and that the offense constituted a breach of the

public trust reposed in the defendant as a police officer. Id.

at 565-66. The Court stated:

 6 A-1637-16T4
 we glean the principle that defendant's
 employment as a police officer does not
 necessarily preclude his admission into PTI,
 but that it is one factor to be considered in
 judging him as a whole person . . . . The
 prosecutor's reliance on defendant's
 employment as a police officer does not
 subvert the goals underlying PTI and does not
 constitute a "patent and gross" abuse of
 discretion. Likewise, the prosecutor is
 justified in viewing defendant's conduct as a
 breach of the public trust. A police officer
 is under a duty to uphold the law and maintain
 public safety . . . . [T]he prosecutor was not
 compelled to deny defendant admission into
 PTI.

 [Id. at 569.]

 Like in DeMarco, defendant did not accept responsibility for

her actions. She also invoked her position as a high-ranking

officer in the Middlesex County Sheriff's Department when stopped

by the security officer in the store. It was within the bounds

of the prosecutor's discretion to find defendant's actions to be

a breach of the public trust and that she was not amenable to

rehabilitation. Defendant was a law enforcement officer, a

position in which she is held to a higher standard. As an officer,

she was expected to enforce the law as to others and bound to

uphold the law as to herself.

 Here, the prosecutorial decision has not "gone so wide of the

mark sought to be accomplished by PTI that fundamental fairness

and justice require judicial intervention." Wallace, supra, 146

 7 A-1637-16T4
N.J. at 583 (quoting State v. Ridgway, 208 N.J. Super. 118, 130

(Law Div. 1985). Rather, the trial judge applied the appropriate

deferential standard of review to reach a sound decision.

Defendant has not met her burden of proving the prosecutor's

decision was a gross and patent abuse of discretion.

 Affirmed.

 8 A-1637-16T4