# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1351-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FEDERICO ENSASTEGUI-DIAZ,

     Defendant-Appellant.

_____

Submitted November 19, 2019 – Decided December 6, 2019

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Accusation No. 18-02-0123.

Joseph E. Krakora, Public Defender, attorney for appellant (Alicia J. Hubbard, Assistant Deputy Public Defender, of counsel and on the brief).

Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (David Michael Liston, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Federico Ensastegui-Diaz appeals the September 20, 2018 order denying his application for admission into the pretrial intervention program (PTI) after he was charged with two counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(2), and two counts of third-degree endangering the welfare of another person, N.J.S.A. 2C:24-7.1(a)(3). We affirm.

I.

On January 21, 2017, defendant, then age thirty-one, operated a motor vehicle while intoxicated and with a suspended license. Two of his children, ages one and two at the time, and their mother, were in the backseat. The one-year-old child was not restrained in an appropriate car seat. Almost a year later on January 3, 2018, defendant applied for admission to PTI. The assistant prosecutor informed defense counsel that the PTI program director was not recommending acceptance.

Consequently, on February 8, 2018, defendant waived indictment and was charged under Middlesex County Accusation No. 18-02-0123 with two counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(2) (counts one and two), and two counts of third-degree endangering the welfare of another person, pursuant to N.J.S.A. 2C:24-7.1(a)(3) (counts three and four).

On that same day, defendant pled guilty to count one, as amended to third-degree endangering the welfare of a child and two motor vehicle violations, DWI, and driving while suspended. The remaining counts of the Accusation were dismissed, as well as the other traffic summonses. As part of the plea agreement, defendant preserved the right to appeal the denial of PTI.

Pursuant to the plea agreement, the State agreed to recommend a sentence of noncustodial probation. On February 8, 2018, defendant was sentenced to the requisite fines and penalties for the motor vehicle violations, and a future date was scheduled for his sentencing on count one of the Accusation.

Later in the day on February 8, 2018, defense counsel received a rejection letter from the program regarding defendant's PTI application. The letter noted that "[t]he crime [was] of an assaultive or violent nature, whether in the criminal act itself or in the possible injurious consequences of such behavior," and "defendant would not be benefitted by supervising treatment . . . ."

Under the section entitled "other," the letter explained:

> On [January 3, 2018], the [defendant] was interviewed at the Criminal Case Management Office [(CCM)] by this Officer. When asked why he felt as though he should be permitted to participate in PTI, the defendant advised the following: "I am not a criminal[,] the instant offense occurred due to a lapse in judgment. A criminal conviction could limit my employment opportunities." This officer did not receive discovery

for this case, therefore an evaluation of all the facts in this case could not be reviewed. Based on the nature of the charges, CCM is rejecting [defendant's] application for PTI and recommending this case be handled through traditional [c]ourt processing. . . . CCM believes allowing the [defendant] into PTI would minimize the nature of the [i]nstant [o]ffense, and the effects the [defendant's] actions have on the victim and society. [Defendant] exhibited a disregard for the safety and well-being of the victim, as well as the consequences of illegal activity.

On the same date, defendant's counsel wrote a letter to the Criminal Division Manager, asking that the application be reconsidered because "[t]he entire denial appear[ed] to be a cut and paste job of the PTI language[,]" and the program "should have waited for a copy of the discovery" before denying defendant's application.

Thereafter, on April 26, 2018, the program director reversed her decision and recommended that defendant be admitted into PTI. The program director incorporated her reasoning in a one-page letter. She "took the liberty of personally reviewing the correspondence that [defense counsel] forwarded . . . [and was] willing to overturn its decision . . . ." The prosecutor was informed of this decision.

The prosecutor objected to PTI for defendant. On August 6, 2018, the assistant prosecutor sent a four-page letter to defense counsel and the trial court

4

in which she applied each of the factors set forth in N.J.S.A. 2C:43-12(e) to determine whether defendant should be admitted to the program.

The assistant prosecutor noted serious concerns about defendant's intoxication, which threatened the safety of his two young children and the public at large. At the time of his arrest, defendant's blood alcohol content was .19 percent. She also stated that officers from the Rutgers Police Department observed defendant traveling on Route 18 South "straddling the lane markings between the middle lane and the right lane for an unusually prolonged time," and stopping abruptly on George Street "for an individual [who] had already made his way across the crosswalk." Defendant also failed to stop for a red light.

The letter also stated that when the officers effectuated a motor vehicle stop, they detected a strong odor of alcohol emanating from defendant's breath. While exiting the vehicle, defendant stumbled, dropped his cell phone, and failed the Standard Field Sobriety Tests.

After considering the relevant factors and defendant's highly intoxicated state at the time of the offenses, the assistant prosecutor determined that on balance, the factors against admission far outweighed any other factors that

might militate in favor of diversion and would not consent to defendant's enrollment into PTI.

On August 14, 2018, defendant appealed the rejection of his PTI application to the trial court. Defendant argued that in opposing his application for PTI, the prosecutor's decision constituted an abuse of discretion based on its failure to consider all of the relevant factors.

On September 20, 2018, the judge issued a sixteen-page written decision and determined that the prosecutor's denial was properly premised on a consideration of all the relevant factors, which weighed against defendant's admission into the PTI program. The judge reasoned:

> [defendant] was operating his vehicle with a BAC reading of .19% while his two children, ages [two] and [one], were in the vehicle. The initial charge was Endangering in the [second-degree] but [d]efendant agreed to plead guilty to a [third-degree] violation. . . . [T]he Criminal Case Management Office [originally] rejected [d]efendant's PTI application . . . stating that allowing [d]efendant into PTI would minimize the offense, as well as [d]efendant's disregard for the well-being of the victim and consequence of his illegal activity. . . . These facts favor the prosecution's analysis of the factors in [d]efendant's case. Thus, this court does not find that the State considered inappropriate factors, misinterpreted the facts or disregarded evidence in support of an applicant.

Although there were more negative than positive factors here, the judge concluded that it was within the prosecutor's discretion to give more weight to those factors militating against diversion. The judge then ruled that the prosecutor's determination was not a patent and gross abuse of discretion. Thereafter, the judge sentenced defendant in accordance with the plea agreement on count one of the Accusation, imposing a two-year period of noncustodial probation.

This appeal followed. Defendant raises the following arguments for our consideration:

> POINT I
>
> THE TRIAL COURT ERRED IN FINDING THAT THE STATE'S DENIAL OF DEFENDANT'S APPLICATION FOR PRE-TRIAL INTERVENTION WAS NOT AN ABUSE OF DISCRETION.
>
> Factors One, Two, and Twelve
>
>> The Nature Of The Offense And Facts Of The Case And History Of Use Of Physical Violence Towards Others.
>
> Factor Three
>
>> The Motivation And Age Of The Defendant.
>
> Factor Four

A-1351-18T4

The Desire Of The Complainant Or Victim To Forego Prosecution.

Factors Five and Six

The Existence Of Personal Problems Which May Be Related To The Crime And For Which Services May Be Provided More Effectively Through Supervisory Treatment, The Probability That The Causes Of The Behavior Can Be Controlled By Treatment And The Likelihood That The Crime Is Related To A Situation That Would Be Conducive To Change Through His Participation In Supervisory Treatment.

Factors Seven, Eleven, Fourteen, and Seventeen

The Needs And Interest Of The Victim And Society And Whether Or Not The Crime Is Of Such A Nature That The Value Of Supervisory Treatment Would Be Outweighed By The Public Need For Prosecution, Whether Or Not Prosecution Would Exacerbate The Problem That Led To the Criminal Act, Whether Or Not The Harm Done To Society By Abandoning Criminal Prosecution Would Outweigh The Benefits To Society From Channeling An Offender Into A Supervisory Treatment Program.

Factors Eight and Nine

The Extent To Which The Applicant's Crime Constitutes Part Of A Continuing Pattern Of Anti-Social Behavior.

Factor Ten

> Whether Or Not The Crime Is Of An Assaultive Or Violent Nature.

## II.

The criteria for admission into PTI, as well as the procedures concerning the program, are set forth in N.J.S.A. 2C:43-12 to -22 and Rule 3:28-1 to -10. N.J.S.A. 2C:43-12(e) includes seventeen criteria which, among other factors, prosecutors and program directors must consider when deciding whether to accept or reject a PTI application. If a prosecutor denies an application, he or she must "precisely state his findings and conclusion which shall include the facts upon which the application is based and the reasons offered for the denial." N.J.S.A. 2C:43-12(f). "PTI is essentially an extension of the [prosecutor's] charging decision, therefore the decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" State v. Roseman, 221 N.J. 611, 624 (2015) (quoting State v. Wallace, 146 N.J. 576, 582 (1996)).

Our review of a prosecutor's decision to deny a defendant admission into PTI is "severely limited." State v. Negran, 178 N.J. 73, 82 (2003). Judicial review of a PTI application exists "to check only the most egregious examples of injustice and unfairness." State v. Nwobu, 139 N.J. 236, 246 (1995) (quoting State v. Kraft, 265 N.J. Super. 106, 111 (App. Div. 1993)). Absent evidence to

9

the contrary, a reviewing court must assume that "the prosecutor's office has considered all relevant factors in reaching the PTI decision." Nwobu, 139 N.J. at 249 (citing State v. Dalglish, 86 N.J. 503, 509 (1981)).

A defendant seeking to have a court overrule a prosecutor's rejection of a PTI application must "clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion." Wallace, 146 N.J. at 582 (alteration in original) (quoting State v. Leonardis, 73 N.J. 360, 382 (1977)).

Defendant contends that no one was hurt, he was not speeding, he cooperated with the police, and had no criminal history. He further emphasizes that he accepted full responsibility for the crimes committed and the situation was merely a poor lapse in his judgment. Defendant claims he is motivated to participate in PTI, demonstrating his amenability to correction. The evidence supporting his motivation includes his emigration to this country as a teenager; having three children; and supporting and caring for them. Because defendant does not have a legal status, PTI would provide him the opportunity to remain in the United States with his family.

Having carefully considered defendant's arguments under these standards, we conclude that no grounds exist to disturb the trial court's decision. The

record demonstrates that the assistant prosecutor evaluated each of the factors set forth in N.J.S.A. 2C:43-12(e) and Rule 3:28-1 to -10 before denying defendant's PTI application. Thereafter, the trial court conducted a thorough review of the prosecutor's decision. Moreover, because defendant was charged with two second-degree offenses, the presumption against acceptance into PTI applies in this case.[1]

On appeal, defendant advances no convincing argument that the prosecutor's determination was a patent and gross abuse of discretion. We therefore conclude that the judge did not err by finding that the prosecutor's decision to deny defendant's application was not a patent and gross abuse of discretion.

Defendant's remaining arguments are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] The fact that defendant ultimately pled guilty to a third-degree crime is irrelevant to our analysis. The PTI process is "not designed to assess the weight of the State's case." Nwobu, 139 N.J. at 252. The administration of the PTI program should not base acceptance upon the weight of the evidence of guilt, but the crimes charged. Ibid.

A-1351-18T4