**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0927-19T1

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

TAWANDA N. ANDREWS,

     Defendant-Respondent.

_____

Submitted March 17, 2020 – Decided April 22, 2020

Before Judges Fisher and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 16-06-1030.

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for appellant (Carey J. Huff, Assistant Prosecutor, of counsel and on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

Defendant Tawanda Andrews and Edward Tinsley were engaged in a volatile relationship when, four years ago, she assaulted him with her automobile, causing him to suffer a compound fracture of his left leg. Defendant drove away from the scene. When soon thereafter she was stopped by an Asbury Park police officer, defendant acknowledged her culpability, saying, "I'm not gonna lie, I just had a domestic on Ridge Ave and, yes, I hit him with my car."

Defendant was indicted and charged with: third-degree leaving the scene of a motor vehicle accident resulting in serious bodily injury, N.J.S.A. 2C:12-1.1; fourth-degree assault by auto, N.J.S.A. 2C:12-1(c)(1); and second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1). Pursuant to a negotiated plea agreement, on October 3, 2016, defendant pleaded guilty to an amended charge of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7), in exchange for the State's agreement to dismiss the remaining charges and recommend a probationary term. The State also agreed to allow defendant to seek admission into the pretrial intervention program (PTI), while retaining its right to oppose that application.

Defendant was rejected from admission into PTI in January 2017 and did not thereafter seek relief. That month she was sentenced to a two-year probationary term. Defendant did not file an appeal.

A-0927-19T1

In June 2018, well into her probationary term, defendant filed a post-conviction relief (PCR) petition, which was later amended in May 2019. Defendant claimed she was denied the effective assistance of counsel because her trial attorney failed to submit – for consideration in her PTI application – letters and other communications she had received from Tinsley (hereafter "the Tinsley correspondence").

The PCR judge heard argument in August 2019, by which time defendant had completed her probationary term. The PCR judge found a need for an evidentiary hearing, which occurred over the course of three days in August and September 2019. After hearing testimony from defendant and her trial attorney, the PCR judge concluded that defendant established her trial attorney was ineffective and, by order entered on September 20, 2019, the judge vacated the judgment of conviction and guilty plea, and allowed defendant to reapply for admission into PTI, this time with the Tinsley correspondence.

We granted leave to appeal the September 20, 2019 order, and now consider the State's arguments that the PCR judge erred by: (1) interfering with the prosecutor's charging decisions; (2) finding prejudice could be based on the conviction's potential impact on defendant's employment prospects; and (3) failing to apply the procedural bar contained in Rule 3:22-4. Having considered

A-0927-19T1

these arguments, we reverse because, despite our deferral to the PCR judge's factual findings, State v. Nash, 212 N.J. 518, 540 (2013), and assuming trial counsel's failure to provide the Tinsley correspondence when initially seeking admission to PTI fell below professional norms, we conclude there is no "reasonable probability that, but for counsel's unprofessional error," defendant would have been admitted to PTI. Strickland v. Washington, 466 U.S. 668, 694 (1984); State v. Fritz, 105 N.J. 42, 52 (1987).

Assuming the Tinsley correspondence had been provided when defendant initially sought entry into PTI, the question for the PCR judge was whether the outcome would probably have been different; that is, whether there was "a probability sufficient to undermine confidence" in the prior PTI disposition. Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 52. The answer to that question must undoubtedly be in the negative.

To be sure, one of the reasons given for the rejection of defendant's PTI application was that Tinsley had provided a victim impact statement and opposed defendant's acceptance into PTI. In seeking post-conviction relief, defendant argued that the Tinsley correspondence – sent to defendant while Tinsley was incarcerated on an unrelated matter – revealed a different intention. That, however, is not entirely clear. Tinsley may have expressed in his

correspondence a desire to rekindle their relationship, and he may have uttered feelings of affection toward defendant, but he never said anything in those communications that would suggest the incident did not happen as the State alleged – or as defendant herself admitted when pleading guilty – nor did he express a view about defendant's entry into PTI.

But, assuming the Tinsley correspondence could be interpreted in a light favorable to defendant's position regarding PTI, it would at best call into question only one of the many reasons given by the prosecutor in objecting to defendant's PTI application. The prosecutor did not just object because Tinsley objected; the prosecutor expressed numerous valid reasons for opposing defendant's PTI admission:

- the presumption against admission for persons charged "with intentionally inflicting violence upon another" and here, as the prosecutor stated, "defendant ran over [Tinsley] with an automobile" and had already pleaded guilty to an aggravated assault. See R. 3:28-4(b)(1); N.J.S.A. 2C:43-12(e)(2).

- the needs and interests of the victim and society. Other than the desire of Tinsley as then expressed, the prosecutor relied as well, in citing N.J.S.A. 2C:43-12(e)(7), on the State's "interest in formally prosecuting individuals who use automobiles to assault and injure others."

5

- the crime was "of an assaultive or violent nature." N.J.S.A. 2C:43-12(e)(10).

- the crime was of such a nature that the value of supervisory treatment was outweighed by the public need for prosecution. N.J.S.A. 2C:43-12(e)(14). As the State pointed out, not only was the crime violent and assaultive but it consisted of defendant running the victim over after a verbal dispute "while the [victim] was standing on a public sidewalk in a densely populated urban area." Thus, the prosecution objected because of the "need to publicly prosecute individuals who engage in public acts of violence."

- one of the purposes of PTI is to provide the least burdensome possible means of prosecuting individuals charged with committing victimless offenses, but the prosecutor correctly urged that this was not a victimless offense.

While acknowledging factors that favored defendant's entry into PTI – her "apparent remorse" that "tends to speak well of her motivation," her maintenance of gainful employment and "aspirations to further her education and training in her chosen field," and her lack of a prior criminal history – the prosecutor found the contrary circumstances delineated above outweighed these positive factors.

Assuming the Tinsley correspondence had been presented when PTI was sought, it at best would have removed the victim's desire from the prosecutor's side of the ledger over to defendant's side. There remained, however: the particularly violent nature of the crime; the serious harm caused to the victim;

the presumption against PTI for such crimes; society's need to publicly prosecute such offenders; and the particularly brazen nature of the conduct, the crime having been committed in a densely populated urban area.

The question for the PCR judge was not whether defendant's PTI application would have been different but whether it is reasonably probable that: (1) the prosecutor's objection would have been overridden by the trial court if the Tinsley correspondence was known, or (2) this court would have upheld such a determination if the trial court did permit PTI admission over the prosecutor's objection. As to the first inquiry, we can only say that the legal standard which governed the trial court in considering an application into PTI over the prosecutor's objection would have precluded such relief. Moreover, we can say without equivocation that had the trial court overridden the prosecutor's objection, we would have reversed.

In such matters, we start with the proposition that it is the "fundamental responsibility" of the prosecutor to decide whom to prosecute. State v. Kraft, 265 N.J. Super. 106, 111 (App. Div. 1993). Deciding whether to admit a defendant into PTI is a "quintessentially prosecutorial function," State v. Wallace, 146 N.J. 576, 582 (1996), that calls for an "individualized assessment of [a defendant's] 'amenability to correction' and potential 'responsiveness to

A-0927-19T1

rehabilitation,'" along with a consideration of all the statutory factors and guidelines.  State v. Roseman, 221 N.J. 611, 621-22 (2015) (quoting State v. Watkins, 193 N.J. 507, 520 (2008)).  Prosecutors have wide latitude in PTI determinations.  State v. Nwobu, 139 N.J. 236, 246 (1995).  A prosecutor's objection to PTI admission is afforded "extreme deference," Kraft, 265 N.J. Super. at 112, which has also been referred to as "enhanced" or "extra" deference, State v. Baynes, 148 N.J. 434, 443-44 (1997).  So, defendants are saddled with "a heavy burden" when seeking to overcome prosecutorial vetoes, Kraft, 265 N.J. Super. at 112, and courts may set aside a prosecutor's objection "only" when the prosecutor's decision constitutes a "most egregious example[] of injustice and unfairness," State v. DeMarco, 107 N.J. 562, 566 (1987).  To overturn a rejection of a PTI application, a defendant must "clearly and convincingly establish that the prosecutor's refusal . . . was based on a patent and gross abuse of . . . discretion."  Wallace, 146 N.J. at 582 (quoting State v. Leonardis, 73 N.J. 360, 382 (1977)). An abuse of discretion occurs when the "prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment."  Id. at 583 (quoting State v. Bender, 80 N.J. 84, 93 (1979)).  For such an abuse of discretion to rise to the

A-0927-19T1

level of "patent and gross," it must be shown that the prosecutorial error complained of will "clearly subvert the goals underlying [PTI]." Bender, 80 N.J. at 93.

A principled application of these standards – had the PTI application been supported by the Tinsley correspondence – would have inevitably led to either the trial court's refusal to override the prosecutor's position or, if the judge was determined to override it, our reversal of that determination. There remained – despite counsel's failure to combat the assertion that the victim opposed PTI admission with the Tinsley correspondence – more than ample grounds for defendant's rejection from PTI. Put in the language of the Strickland test, there is no "reasonable probability" that defendant would have succeeded in gaining PTI admission even if counsel submitted the Tinsley correspondence. Confidence in the outcome of the PTI application has not been undermined by trial counsel's omission.

A-0927-19T1

The order granting post-conviction relief is reversed and the judgment of conviction is reinstated.[1]

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] We agree – as apparently do the parties – that the PCR judge should not have vacated either the guilty plea or the judgment of conviction. Even if the judge correctly ruled on the PCR petition, he should only have permitted defendant to reapply for PTI admission with the Tinsley correspondence and awaited the outcome before vacating either the guilty plea or the judgment of conviction.

A-0927-19T1