**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5137-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CARLA S. CARABALLO,

     Defendant-Appellant.

_____

Submitted October 29, 2018 – Decided January 29, 2019

Before Judges Sabatino and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Indictment No. 17-05-0411.

Joseph E. Krakora, Public Defender, attorney for appellant (Laura B. Lasota, Assistant Deputy Public Defender, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Claudia Joy Demitro, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Carla S. Caraballo appeals from the Law Division's order affirming the Office of the Attorney General's rejection of her application for admission into the pretrial intervention program (PTI). Defendant contends that the State's rejection of her entry into PTI was an arbitrary, patent and gross abuse of discretion. Having considered the arguments raised in light of the record and our standard of review, we affirm.

The underlying charges of third-degree neglect of elderly or disabled persons, N.J.S.A. 2C:24-8a, against defendant stem from an incident in July 2016. Defendant, fifty-nine years old at the time, had been a licensed home-health aid for about twenty-five years. She was employed in Denville as a home-health aide for E.P.,[1] a ninety-one-year-old woman suffering from dementia and Alzheimer's.

Unbeknownst to defendant, a surveillance camera installed in the home by E.P.'s family made an audio and video recording of the incident. During defendant's PTI application hearing, the trial judge sustained her counsel's objection to the State's showing of the recording based upon authentication

_____

[1] We use initials to protect the privacy of the victim.

A-5137-16T2

grounds. Nevertheless, there were no facts in dispute regarding the incident as relayed by the State, at the hearing.

Defendant refused to assist E.P to get out of the bed. Defendant then told E.P. that if she fell on the floor while trying to get out by herself, she would be left "on the floor all night." Disregarding defendant's threat, E.P. got out of the bed on her own and fell on the floor, causing her head to hit the floor. While E.P laid on the floor moaning in pain from a serious head injury, defendant refused to help her and remained seated. Defendant then propped her feet on E.P.'s wheelchair and scrolled through her cell phone. At one point, defendant stated to E.P., "I told you if you fell I wasn't gonna help you." After E.P. had been on the floor for about a half an hour, defendant wiped blood from her body, and told her, "you'll stay in the bed now on, won't cha?" and "that's whatcha get."

Without defendant's assistance, E.P. was later able to contact the police, who arrived at her home along with first aid responders. Defendant did not truthfully tell the police what happened. It was not until E.P.'s family showed the police the surveillance recording of the incident that defendant was arrested and charged under a compliant-warrant with third-degree neglect of elderly or disabled persons.

At the suggestion of the Morris County Prosecutor's Office, defendant applied to PTI. After the Criminal Division accepted her application, the Attorney General's Office took over the prosecution and rejected defendant's entry into PTI. The Deputy Attorney General handling the matter detailed the State's reasons for the rejection in a letter identifying the following factors from N.J.S.A. 2C:43-12(e) that weighed against admission:

> (1) The nature of the offense;
>
> (2) The facts of the case;
>
> . . . .
>
> (4) The desire of the . . . victim to forego prosecution;
>
> . . . .
>
> (7) The needs and interests of the victim and society;
>
> (8) The extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior;
>
> . . . .
>
> (11) Consideration of whether . . . prosecution would exacerbate the social problem that led to the applicant's criminal act;
>
> . . . .

4

(14)  Whether . . . the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution;

. . . .

(17)  Whether . . . harm done to society by abandoning criminal prosecution would outweigh the benefits to society from channeling an offender into a supervisory treatment program.

[N.J.S.A. 2C:43-12(e).]

Succinctly stated, the State's assessment boiled down to its position that:

[Defendant's] conduct here does not represent an isolated event in which defendant suffered a momentary lapse of judgment.  Rather, defendant committed a series of disturbing acts comprising her criminal conduct.  Defendant first threatened to neglect the victim if she attempted to leave her bed area.  Therefore, she sat idly with her cellular phone in her hand and her feet perched on the victim's wheelchair while the elderly victim laid on the ground after falling onto the floor.  Instead of rushing to the victim's side, defendant taunted the victim, boasting in effect that the 91-year[-]old victim with Alzheimer's had been warned.

In defendant's favor, the State pointed to the following N.J.S.A. 2C:43-12(e) factors for PTI admission: (9) lack of criminal record, (12) lack of violence towards others, and (13) lack of involvement with organized crime.  The State, however, did not believe these mitigating factors outweighed the factors in favor of denial.

A-5137-16T2

After reviewing the parties' written submissions and considering their oral arguments, the trial judge issued an order denying defendant's entry into PTI. In an accompanying written decision analyzing the parties' contentions and governing law, the judge noted defendant did not satisfy her burden by clear and convincing evidence that the State's rejection of her PTI admission constituted a patent and gross abuse of discretion.

Following the judge's decision, defendant was indicted for third-degree neglect of elderly or disabled persons. She subsequently pled guilty to the charge and agreed to forfeit her home-health aide license. Her plea agreement provided for a term of probation, but left the length of probation up to the judge's discretion. At sentencing, the judge imposed a one-year term of probation, declining the State's request for a three-year term.

Before us, defendant argues that based upon her age, her long time employment as a home-health aide and her lack of a criminal record, she "was an ideal candidate for PTI." Claiming the State was focused primarily on the nature of the offense and sending a message of deterrence to licensed caregivers in New Jersey, defendant maintains the State's rejection of her PTI application "constituted a patent and gross abuse of discretion because it was not based on an individualized assessment of [her] features and amenability to rehabilitation."

A-5137-16T2

She contends "little to no harm [would be] done to society by forgoing prosecution[,]" and admitting her into PTI would entail the same supervision that probation provides. Based upon the following principles, defendant's contentions do not warrant a reversal of the judge's order, which allowed the denial of her admission into PTI to stand.

"PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Roseman, 221 N.J. 611, 621 (2015) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). Accordingly, "a PTI determination requires that the prosecutor make an individualized assessment of the defendant considering his or her 'amenability to correction' and potential 'responsiveness to rehabilitation.'" Id. at 621-22 (quoting State v. Watkins, 193 N.J. 507, 520 (2008)).

The scope of our review of a PTI rejection is "severely limited." State v. Negran, 178 N.J. 73, 82 (2003). Deciding whether to permit a defendant's diversion to PTI "is a quintessentially prosecutorial function." State v. Wallace, 146 N.J. 576, 582 (1996). "Prosecutorial discretion in this context is critical for two reasons. First, because it is the fundamental responsibility of the prosecutor to decide whom to prosecute, and second, because it is a primary purpose of PTI

7

to augment, not diminish, a prosecutor's options." Nwobu, 139 N.J. at 246 (internal quotation omitted) (quoting State v. Kraft, 265 N.J. Super. 106, 111 (App. Div. 1993)). Accordingly, courts give prosecutors "broad discretion" in determining whether to divert a defendant into PTI. State v. K.S., 220 N.J. 190, 199 (2015). Thus, on appellate review, PTI decisions are given "enhanced deference." State v. Brooks, 175 N.J. 215, 225 (2002).

The PTI statute requires prosecutors to consider a non-exclusive list of seventeen criteria. N.J.S.A. 2C:43-12(e). These criteria "include 'the details of the case, defendant's motives, age, past criminal record, standing in the community, and employment performance[.]'" Roseman, 221 N.J. at 621 (alteration in original) (quoting Watkins, 193 N.J. at 520). "In order to overturn a prosecutor's rejection, a defendant must clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion." Watkins, 193 N.J. at 520 (citation and internal quotation omitted). "A patent and gross abuse of discretion is defined as a decision that has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention." Ibid. (citation and internal quotation omitted). An abuse of discretion is manifested where it can be proven "that the [PTI] denial '(a) was not premised upon a consideration of all relevant factors, (b) was

based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment[.]'" State v. Lee, 437 N.J. Super. 555, 563 (2014) (quoting State v. Bender, 80 N.J. 84, 93 (1979)).

Under these parameters, we see no cause to disturb the trial judge's order substantially for the reasons set forth in her written decision. We agree with the judge's analysis:

> With a strong appreciation of defendant's frustration regarding the State's change in position about its PTI offer, the court is constrained to find that defendant has not met her burden in her bid to gain entry into PTI over the State's current objection. She has failed to establish that the State's decision was not premised upon a consideration of all relevant factors or was based upon a consideration of irrelevant or inappropriate factors. Moreover, she has not demonstrated the prosecutor's decision was a clear error in judgment. Contrary to defendant's assertions, the State did consider the requisite statutory factors for defendant's PTI application and did not give short shrift to the personal facts of defendant's case, such as her lack of felony convictions. In fact, the State identified, with appropriate particularity, the bases for its rejection of her PTI application.

In sum, we are satisfied the judge properly found that there was no patent and gross abuse of discretion by the State's decision to deny PTI admission for defendant's transgression.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9