**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4812-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARC D. SCHULTZ,

     Defendant-Appellant.

_____

Argued April 9, 2019 – Decided September 11, 2019

Before Judges Rothstadt and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 17-08-1151.

Kathleen Mary Theurer argued the cause for appellant.

William P. Miller, Special Deputy Attorney General/ Acting Assistant Prosecutor, argued the cause for respondent (Dennis Calo, Acting Bergen County Prosecutor, attorney; William P. Miller, of counsel; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant Marc D. Schultz appeals from the Law Division's judgment of conviction (JOC) that it entered after defendant pled guilty to one count of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1). At sentencing, the trial court found that the mitigating factors outweighed any aggravating factors and sentenced defendant to two years' probation as permitted by an earlier order entered under N.J.S.A. 2C:43-6.2, which waived the mandatory minimum period to which defendant was exposed under the Graves Act, N.J.S.A. 2C:43-6(c). On appeal, defendant challenges a December 6, 2017 order rejecting his appeal from the prosecutor's denial of his admission to the Pretrial Intervention Program (PTI). See N.J.S.A. 2C:43-12; R. 3:28.[1] In his appeal, defendant argues the prosecutor's rejection of his application "was a patent and gross abuse of discretion due to its reliance upon irrelevant and inappropriate factors, inaccurate information and [a] misapplication of [the] law." We disagree and affirm.

Defendant, a resident of Indiana, pled guilty to the one charge of possession of a weapon after his arrest by Mahwah police on February 22,

---

[1] Rule 3:28 contained guidelines to assist in a determination of whether a defendant was amenable to PTI. The Rule was repealed effective July 1, 2018. However, "many of [the Guidelines'] prescriptions -- with significant variations -- are [now] contained in Rules 3:28-1 to -10." State v. Johnson, 238 N.J. 119, 128 (2019).

2017, when an officer stopped defendant and his two passengers for a traffic violation. In response to questioning by the officer, defendant disclosed that he had a handgun in his possession. At the time, defendant also advised the officer that he held a concealed carry permit from Indiana. The police retrieved defendant's loaded gun and hollow-point bullets from his vehicle's glovebox. Defendant also disclosed that there was marijuana in the car and police recovered a small amount of the controlled substance together with paraphernalia related to its use.

Defendant was arrested and later charged in an indictment with the second-degree weapons offense and fourth-degree possession of prohibited ammunition, N.J.S.A. 2C:39-3(f)(1) and (2). He was also charged in a summons complaint with two disorderly persons offenses related to his possession of marijuana and paraphernalia under N.J.S.A. 2C:35-10(a)(4) and N.J.S.A. 2C:36-2.

After his arrest, defendant applied for entry into PTI. On October 18, 2017, the PTI director rejected defendant's application, citing to the fact that defendant was an out-of-state resident and that a required home inspection could not be conducted due to his not residing in New Jersey. The director concluded that in defendant's case the "early rehabilitative services and the

supervision offered by the PTI program would not best serve the interest of the victim and/or the State of New Jersey."

Defendant immediately filed a motion with the Law Division to reverse the director's determination. He did so prior to any input from the County Prosecutor.

On November 6, 2017, the Bergen County Prosecutor also rejected defendant's application. In his letter stating his reasons, the prosecutor cited to what he found were the applicable statutory factors set forth in N.J.S.A. 2C:43-12(e) and the Guidelines under Rule 3:28.

The prosecutor cited to "the nature of the offense" and "the facts of the case," N.J.S.A. 2C:43-12(e)(1) and (2), and concluded that PTI was not appropriate because defendant was charged with a second-degree offense and possession of marijuana. Citing to 18 U.S.C. § 926A,[2] he also noted that the manner in which defendant transported his handgun violated federal law. The prosecutor also considered under Guideline 3(b) that defendant was an out-of-state resident and, under N.J.S.A. 2C:43-12(e)(9), that at the time of his arrest,

---

[2] The federal statute permits a person to transport a firearm in the trunk of a vehicle only "for any lawful purpose from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm if, during such transportation the firearm is unloaded." § 926A.

4

defendant had a prior criminal record consisting of out-of-state convictions for selling cocaine in 1989[3] and in 2003 for possession of marijuana. Finally, the prosecutor considered N.J.S.A. 2C:43-12(e)(14), whether the value of supervisory treatment outweighed "the public need for prosecution," and (17), "[w]hether . . . the harm done to society by abandoning criminal prosecution would outweigh the benefits to society from channeling [defendant] into a supervisory program," and concluded "society would be harmed" if defendant was not prosecuted.

On December 4, 2017, Judge Margaret M. Foti considered the parties' oral arguments. On December 6, 2017, she issued an order denying defendant's appeal from the denial of his admission to PTI. The judge set forth her reasons on the same date in a seven-page written decision. The judge found that defendant did "not demonstrate[] that the prosecutor failed to consider all relevant factors before making [his] decision." She concluded that defendant's contentions about his background, including that "he is a 52-year-old family man and business owner who [is] willing to report in person as

---

[3] At the December 4, 2017 oral argument on defendant's appeal from the rejection of his application, the prosecutor conceded that the letter inaccurately stated the prior conviction and clarified that it was for a "misdemeanor" and not a "felony."

required by PTI supervision [were] not enough to convince [the judge] that [the prosecutor's] decision was based on a patent and gross abuse of discretion."

In response to the prosecutor's subsequent motion, on January 16, 2018, Judge Foti entered the order waiving the mandatory minimum defendant would be exposed to for his weapons offense under the Graves Act, allowing him to be sentenced to a period of probation. Defendant pled guilty the same day to the one charge and, on June 1, 2018, another judge sentenced defendant and stayed imposition of probation pending appeal. This appeal followed.

On appeal, in support of his contention that the prosecutor's rejection of his application was a patent and gross abuse of discretion, defendant contends that the challenged decision failed to consider a 2014 memorandum from the Attorney General setting forth a "clarification" to an earlier Attorney General Directive. The memorandum addressed the prosecution of matters involving an out-of-state resident's transport of a weapon while in New Jersey and applied to situations where a Graves Act offense is committed in New Jersey based on conduct that would be lawful in the offender's home-state and the "out-of-state visitor[ did] not realize that [his or her] authority to carry a weapon in their home state [did] not extend into New Jersey." In the

6

memorandum, the Attorney General directed that "in the absence of case-specific aggravating circumstances, these defendants should not be sentenced to incarceration," and instead prosecutors should pursue PTI, or if "PTI is not appropriate," they should make "an initial plea offer" of "non-custodial" probation.

The memorandum also directed that when a prosecutor pursues PTI for a non-resident who is licensed to carry a weapon in his or her home state, certain unique factors should be considered along with the statutory factors applicable to PTI admission. Those unique factors include whether the manner of possession minimize the risk of harm to others, such as keeping the weapon in the trunk of the car as compared to "the passenger cabin of a vehicle." Other factors include: (1) whether the incident "was [i]solated and [a]berrational," and "[d]efendant is otherwise a law-abiding person," as demonstrated by whether defendant was found to be committing a separate offense; (2) whether defendant disclosed the firearm to police "on his or her own initiative;" and, (3) whether there existed "[c]ircumstances [c]oncerning [c]onfusion of New Jersey and Other-State [l]aw."

According to defendant, the prosecutor's rejection of his application because he was a non-resident was inconsistent with the memorandum, even

7

though as he concedes, "traditionally out of State residents are regularly denied admission to the [PTI] program." Moreover, defendant argues the prosecutor's reliance on federal law was misplaced and his reliance upon the second-degree nature of the weapons offense was inconsistent with the memorandum that contemplated the diversion of defendants charged with the same offense to PTI. Finally, defendant contends that contrary to the prosecutor's assertion, he was not convicted of distribution of cocaine in 1989. We find no merit to defendant's contentions.

"PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" Johnson, 238 N.J at 127 (quoting State v. Roseman, 221 N.J. 611, 621 (2015)). "PTI programs are 'governed simultaneously by the Rule and the statute which "generally mirror[ ]" each other.'" Roseman, 221 N.J. at 621 (quoting State v. Wallace, 146 N.J. 576, 582 (1996)).

At the time of defendant's application for PTI, "[t]he assessment of a defendant's suitability for PTI [was] conducted under the Guidelines for PTI provided in Rule 3:28, along with consideration of factors listed in N.J.S.A. 2C:43-12(e)." Johnson, 238 N.J at 128 (quoting Roseman, 221 N.J. at 621).

Under the Rule and statute, "acceptance into PTI [was] dependent upon an initial recommendation by the Criminal Division Manager and consent of the prosecutor." Roseman, 221 N.J. at 621.

A court's review of a prosecutor's rejection of a PTI application is "'severely limited[,]' and interference by reviewing courts is reserved for those cases where needed 'to check [] the "most egregious examples of injustice and unfairness."'" State v. Lee, 437 N.J. Super. 555, 563 (App. Div. 2014) (alterations in original) (quoting State v. Negran, 178 N.J. 73, 82 (2003)). "[O]n appeal, [we] review[] PTI decisions with 'enhanced deference.'" Ibid. We afford prosecutors a "great deal of deference" in deciding whether to admit defendants to PTI, because the decision for admission to "PTI is essentially an extension of the charging decision, therefore the decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" Johnson, 238 N.J at 128 (quoting Roseman, 221 N.J. at 624).

"A court reviewing a prosecutor's decision to deny PTI may overturn that decision only if the defendant 'clearly and convincingly' establishes the decision was a 'patent and gross abuse of discretion.'" Johnson, 238 N.J. at 128-29 (quoting Wallace, 146 N.J. at 583). "Where a defendant can make that showing, a trial court may admit a defendant, by order, into PTI over the

prosecutor's objection." Roseman, 221 N.J. at 625. "In cases concerning legal error by the prosecutor, . . . [which] raise issues akin to questions of law, . . . a remand to the prosecutor may be appropriate so she or he may rightly reconsider the application." Johnson, 238 N.J. at 129 (citation omitted).

In reaching their decisions, prosecutors are tasked with making individualized assessments of each defendant, particularly his or her "amenability to correction" and likely "responsiveness to rehabilitation." Id. at 127-28 (quoting State v. Watkins, 193 N.J. 507, 520 (2008)). Prosecutors are granted "wide latitude in deciding whom to divert into the PTI program and whom to prosecute through a traditional trial." Negran, 178 N.J. at 82.

A prosecutor must evaluate PTI applications by considering the factors defined by statute and court rule and conduct an "individualized assessment" of the applicant. The Supreme Court explained the evaluation process as follows:

> The assessment of a defendant's suitability for PTI must be conducted under the Guidelines for PTI provided in Rule 3:28, along with consideration of factors listed in N.J.S.A. 2C:43-12(e). These factors include "the details of the case, defendant's motives, age, past criminal record, standing in the community, and employment performance[.]" Watkins, 193 N.J. at 520; see N.J.S.A. 2C:43-12(e). Additionally, a PTI determination requires that the prosecutor make an individualized assessment of the defendant

considering his or her "'amenability to correction' and potential 'responsiveness to rehabilitation.'" Watkins, 193 N.J. at 520 (quoting N.J.S.A. 2C:43-12(b)).

[Roseman, 221 N.J. at 621-22.]

However, in cases involving first- or second-degree offenses, there is a presumption against admission. See R. 3:28 Guideline 3(i)(3); see also Johnson, 238 N.J. at 131 ("hold[ing] the presumption against PTI for first- and second-degree offenders . . . no longer" applicable to certain drug offenses); Watkins, 193 N.J. at 523. The presumption may be overcome only upon a defendant demonstrating "compelling reasons justifying the applicant's admission and establishing that a decision against enrollment would be arbitrary and unreasonable." R. 3:28 Guideline 3(i)(4); see also Johnson, 238 N.J. at 128.

A patent and gross abuse of discretion occurs when

a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgement [sic]. In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [PTI].

[Johnson, 238 N.J. at 129 (quoting Roseman, 221 N.J. at 625).]

Applying these principles, we conclude defendant failed to demonstrate that his rejection from PTI was the result of a patent or gross abuse of discretion.  Thus, there is no basis to disturb the trial court's decision sustaining the prosecutor's denial.  Although defendant certainly has a number of mitigating factors in his favor, the reasons for the prosecutor's denial were premised on consideration of relevant factors, which weighed against his admission.  Defendant failed to clearly and convincingly establish that the prosecutor's decision went so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice required judicial intervention.

We find defendant's arguments to the contrary are without sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(2).  Suffice it to say, "a court's scrutiny of a prosecutor's denial of consent is normally limited to the reasons given by the prosecutor for his [or her] action[,]" <u>State v. Kraft</u>, 265 N.J. Super. 106, 112 (App. Div. 1993), and "[a]bsent evidence to the contrary, it is [to be] presumed that the prosecutor considered all relevant factors before rendering a decision." <u>Ibid.</u> (alteration in original) (quoting <u>State v. Dalglish</u>, 86 N.J. 503, 509 (1981)).  We offer only the following additional comments.

A-4812-17T1

Here, the prosecutor appropriately referred to the undisputed facts that were relevant to the applicable PTI factors, and his statement of reasons clearly evidences a substantive analysis of valid considerations. Those considerations included defendant being simultaneously found in possession of marijuana, his gun being loaded with hollow-point bullets and not stored in the vehicle's trunk,[4] his not having demonstrated any confusion over not being allowed to carry his gun in New Jersey, and his prior criminal record, even limited to the 2003 misdemeanor conviction. These factors clearly distinguished defendant from the type of defendant contemplated by the Attorney General Guidelines.

While reasonable minds might differ as to whether defendant is a suitable candidate for admission into the program, the court's role when considering an appeal of this sort is "limited" and the "'[court] does not have the authority . . . to substitute [its own] discretion for that of the prosecutor'. . . . even where the prosecutor's decision is one which the . . .

---

[4] Defendant "had no federally-protected right under 18 U.S.C.[] § 926A to transport his loaded revolver[,]" In re Two Seized Firearms, 127 N.J. 84, 91(1992). Nor did he have a right under 18 U.S.C. § 926A to carry a handgun between Indiana and New Jersey, because he could not lawfully carry the gun in New Jersey. See State v. Waters, 439 N.J. Super. 215, 231 (App. Div. 2015).

court disagrees with or finds to be harsh." Kraft, 265 N.J. Super. at 112. (alterations in original) (citation omitted).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION