# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3730-18T1

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

ROMAN A. RHYM,

     Defendant-Respondent.

_____

Submitted November 12, 2019 –
Decided August 11, 2020

Before Judges Moynihan and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 19-04-0287.

Christine A. Hoffman, Acting Gloucester County Prosecutor, attorney for appellant (Timothy James Gaskill, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Alyssa A. Aiello, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

The State appeals the April 26, 2019 order entered by the trial court, which reversed the prosecutor's denial of defendant Roman A. Rhym's application for admission into the Pre-Trial Intervention Program (PTI) and admitted defendant into PTI. The trial court found that the prosecutor's denial of defendant's application constituted a patent and gross abuse of discretion. In particular, the court found that the prosecutor failed to consider relevant factors enumerated in N.J.S.A. 2C:43-12 and relied solely on the nature of defendant's offense. Having reviewed the record, and in light of the applicable law, we reverse the trial court's decision to admit defendant into PTI and remand the matter to the prosecutor for reconsideration of defendant's PTI application.

I.

We discern the following facts from the record. This matter arises from an incident on September 15, 2018, during which the victim, C.M., was assaulted by three individuals. On September 17, 2019, C.M. recounted to police that a codefendant, C.S., had tased him, and defendant had beat him "several times" with a bat. When defendant was initially questioned by police, he denied knowing who had assaulted C.M. On September 20, 2018, however, defendant voluntarily spoke with police and admitted that he had orchestrated

2

the assault, informed the other two participants about the plan, and struck C.M. with a bat. Defendant expressed that "he was sorry for lying during the initial interview."

Defendant was charged with aggravated assault and criminal mischief.[1] On December 7, 2018, the prosecutor filed a notice of pre-indictment plea offer that would resolve the charges pending against defendant. The prosecutor offered to admit defendant into PTI "if eligible or two years of probation," with several other conditions. On December 18, 2018, defendant filed a PTI application, with a letter from his assigned counsel annexed that detailed "compelling reasons for admission." The letter explained that throughout his years in school, defendant had built strong relationships with staff, maintained good grades, and was active in extracurricular activities, particularly sports. The letter noted that defendant took care of his younger sister and was actively applying to colleges. The letter highlighted that defendant had just turned eighteen years old before the incident, and he had no prior violent or criminal

---

[1] Defendant was later indicted on April 24, 2019 by a Gloucester County grand jury on four counts, including third-degree aggravated assault with a deadly weapon; third-degree conspiracy to commit aggravated assault with a deadly weapon; fourth-degree unlawful possession of a weapon; and third-degree possession of a weapon for an unlawful purpose.

history. The letter also expressed that defendant's confession to the assault was "mature" and "responsible," and he was actively seeking a job so he could "repay the damage caused."

On February 11, 2019, the Senior Probation Officer (SPO) and the Criminal Division Manager (CDM) sent defendant a letter recommending that the prosecutor deny defendant's PTI application. The basis for the recommendation was that defendant was "charged with a crime that is of an assaultive or violent nature, whether in the criminal act itself or in the possible injurious consequences of such behavior. N.J.S.A. 2C:43-12(e)(10)." The letter provided no other reasons for the recommendation of a denial but stated that "[a]ll material submitted by the defendant has been considered in this referral, including his lack of indictable convictions."

The prosecutor sent defendant a letter dated March 7, 2019, concurring with the recommendation of the SPO and CDM and rejecting defendant's PTI application "for substantially the same reasons." The letter expressed that the prosecutor had "reviewed [defendant's] file along with the [PTI] director's rejection," as well as defendant's letter of compelling reasons. In the letter, the prosecutor identified defendant's motivation for the attack to be "animosity toward [C.M.] who was friends with a mutually known female." The letter also

detailed that, with regard to defendant's personal problems or character traits implicated in the assault, the "assault was fueled by jealousy and [the prosecutor] knows of no program within the criminal justice system or supervisory treatment which can treat that character flaw."

Defendant appealed his PTI rejection. On April 26, 2019, the Law Division judge held a hearing and issued a written opinion on defendant's appeal of the denial. At the hearing, defendant argued that the PTI denial was a "categorical rejection" based purely on the nature of the offense, and the prosecutor had failed to consider factors weighing in his favor. Defendant added that his vice principal and coaches "had given character statements in his support," but the prosecutor failed to consider these statements.

The State countered that school officials had no knowledge of defendant's offenses and were only familiar with defendant within the narrow context of his school-related activities. The State emphasized C.S.'s declaration that he "was scared and felt as though if someone found out that he gave a statement he would be next to get beaten up" referred to defendant and was more dispositive of defendant's character than the opinions of school officials. The State surmised that defendant's motive, if not jealousy, was to "pick[] on [C.M.] because they think he's a drug addict." The State argued C.S.'s statement, coupled with both

5                                                                        A-3730-18T1

the premeditated and violent nature of defendant's offense, as well as his reluctance to initially confess to the offense, all reflected poorly on defendant's character and against granting his PTI application.

The reviewing judge conceded at the hearing that the case was "a very close call." The judge commented that "nobody wants to be judged . . . about ten minutes of their life picked up through a microscope . . . but generally, this individual is of good character, and [it's] substantiated. And that doesn't look like it was taken into consideration by the State." The judge concluded that "the [S]tate's position . . . was based upon what the victim wanted . . . and mostly that it was a crime of violence."

In the judge's written decision, he opined that although "[d]efendant is charged with a violent crime and as such is presumptively ineligible for PTI, [the State must still] give [him] individualized consideration including what is presented in the compelling reasons letter." The judge relied upon the points raised in the letter and found that "[t]hese facts, particular to this [d]efendant, are relevant to determine if society would benefit from prosecution through traditional means as opposed to channeling [d]efendant into PTI. Moreover, these facts were not considered by the [p]rosecutor."

The judge also determined that the prosecutor improperly weighed two factors subsumed under N.J.S.A. 2C:43-12 against defendant, when those factors favored defendant. These included "[t]he motivation and age of the defendant," as well as the presence of "personal problems and character traits which may be related to the applicant's crime and for which services are unavailable within the criminal justice system, or which may be provided more effectively through supervisory treatment and the probability that the causes of criminal behavior can be controlled by proper treatment." Based on the State's characterization of defendant's crime as "an act of jealousy," the judge commented that "there are . . . programs to help with managing anger and jealousy in a non-violent manner as well as impulse control, which would . . . be helpful to such a youthful offender."

The judge added that the prosecutor also incorrectly "weighed [d]efendant's initial lies to police against him heavily . . . [but] did not consider . . . that [d]efendant, on his own accord, went back to police to tell the truth." The judge explained that the prosecutor impermissibly attributed defendant's decision to tell the truth to his learning that "his friends told the truth." The judge emphasized that defendant, "without any prompting by police, went back to tell the truth, openly availing himself to additional charges." The judge

7

concluded that because the prosecutor failed to consider these factors, the denial was a patent and gross abuse of discretion, and the judge granted defendant's motion, admitting him into the PTI program. This appeal ensued.

On appeal, the State raises the following argument:

> POINT I. THE LOWER COURT WAS INCORRECT IN GRANTING . . . DEFENDANT'S ADMISSION INTO PRETRIAL INTERVENTION

## II.

"A reviewing court 'does not have the authority in PTI matters to substitute [its own] discretion for that of the prosecutor.'" State v. Nwobu, 139 N.J. 236, 253 (1995) (alteration in original) (quoting State v. Kraft, 265 N.J. Super. 106, 112 (App. Div. 1993)); accord State v. Hoffman, 399 N.J. Super. 207, 216 (App. Div. 2008) ("[The court] cannot substitute its own judgment for that of the prosecutor even when 'the prosecutor's decision is one which the . . . court disagrees with or finds to be harsh.'" (quoting Kraft, 265 N.J. Super. at 112–13)). "[T]he decision to grant or deny PTI is a 'quintessentially prosecutorial function[]' . . . entitled to a great deal of deference." State v. Johnson, 238 N.J. 119, 128 (2019) (quoting State v. Roseman, 221 N.J. 611, 624 (2015)). The trial court may reverse the prosecutor's decision to deny PTI "only if the defendant 'clearly and convincingly' establishes the decision was a 'patent and gross abuse

A-3730-18T1

of discretion.'" Id. at 128–29 (quoting State v. Wallace, 146 N.J. 576, 582 (1996)).

> Ordinarily, an abuse of discretion will be manifest if [the] defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgement. In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention.
>
> [Id. at 129 (quoting Roseman, 221 N.J. at 625).]

"If a prosecutor fails to consider all relevant factors or considers irrelevant factors, a court may remand the matter for further consideration. If a prosecutor commits a clear error of judgment, a court may order that a defendant be enrolled in PTI." Nwobu, 129 N.J. at 247. The question of whether the prosecutor reached his or her decision based on an appropriate factor is a matter of law. Ibid.

Under Rule 3:28-1(e)(2)(b)(ii), a presumption against admission in PTI exists if a defendant's crime "involved violence or the threat of violence," including where "the actor was armed with and used a deadly weapon . . . as defined in N.J.S.A. 2C:11-1." Rule 3:28-4(a) establishes that the prosecutor, in determining a defendant's eligibility for a supervisory treatment program such

9

as PTI, shall consider the seventeen factors enumerated under N.J.S.A. 2C:43-12(e). Rule 3:28-4(b) directs the prosecutor to also consider the nature of the offense and the defendant's juvenile record. Regarding the nature of the offense, if the offense was "deliberately committed with violence or threat of violence against another person . . . the defendant's application should generally be rejected." R. 3:28-4(b)(1). The prosecutor is also to consider "the victim's position if any, on whether the defendant should be admitted." R. 3:28-4(c). However, "[the] prosecutor must consider an individual defendant's features that bear on his or her amenability to rehabilitation." Roseman, 221 N.J. at 630 (quoting Nwobu, 139 N.J. at 255).

We presume the prosecutor "considered all relevant factors" in reviewing a defendant's PTI application, "absent evidence to the contrary." Nwobu, 139 N.J. at 249. However, "per se rules require prosecutors to disregard relevant factors, contrary to the guidelines, and when a defendant demonstrates that a prosecutor has relied on such a rule, the presumption that the prosecutor has considered all relevant facts is overcome." State v. Baynes, 148 N.J. 434, 445 (1997).

We conclude that the Law Division judge, though well-intentioned, erred by overruling the prosecutor and admitting defendant to PTI. That said, we

share the reviewing judge's concerns that the prosecutor may not have given defendant's application the individualized consideration of the factors set forth at N.J.S.A. 2C:43-12(e). In that regard, despite the fact that there was a presumption against defendant's admission into the PTI program, see R. 3:28-1(e)(2)(b)(ii), the prosecutor was still required to consider all of the factors enumerated under both N.J.S.A. 2C:43-12(e) and Rule 3:28-4(b), as well as defendant's individual "features that bear on his . . . amenability to rehabilitation," Roseman, 221 N.J. at 630 (quoting Nwobu, 139 N.J. at 255).

Although the prosecutor indicated the review of defendant's application included consideration of all the materials submitted, including character letters from school officials, defendant's family history, and his lack of any prior criminal history, the reasons for the categorical dismissal of any mitigating reasons are, on this record, less than persuasive. The prosecutor relied on the statement of C.S., the codefendant who tased the victim, as more persuasive than the school officials on the subject of defendant's character. Moreover, the State indicated that there were no programs to address defendant's anger problems, which, as the reviewing judge found, appears somewhat implausible. The reasons that supported defendant's application included his participation in school-related and extracurricular activities, his caring for his younger sister,

and his active search for a job to repay C.M. for the harm he caused, and included were letters from school officials attesting to defendant's character, which were not addressed by the prosecutor.

Under the circumstances, we find that the appropriate remedy is to remand the matter to the prosecutor for reconsideration of defendant's PTI application. See Nwobu, 139 N.J. at 247. On remand, the prosecutor shall articulate reasons for the decision with reference to the statutory factors to facilitate, if necessary, further review.

To the extent we have not specifically addressed any remaining arguments raised by the State, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Reversed and remanded to the prosecutor for reconsideration of defendant's PTI application. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION