**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4808-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SANDRA POJAWA,

     Defendant-Appellant.

_____

Submitted January 25, 2021 – Decided  February 9, 2021

Before Judges Fasciale and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 11-10-1772.

Joseph E. Krakora, Public Defender, attorney for appellant (Zachary Markarian, Assistant Deputy Public Defender, of counsel and on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Craig A. Becker, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from her conviction for third-degree theft by unlawful taking. Defendant argues it was a patent abuse of discretion to reject her application for admission into the pre-trial intervention program (PTI) based on her inability to pay restitution up front. The record does not support this characterization and instead reflects that defendant's inability to pay was one of several relevant statutory factors supporting the denial. We therefore affirm.

In October 2011, a Bergen County grand jury charged defendant with third-degree theft by unlawful taking, N.J.S.A. 2C:20-3. Defendant failed to appear for her arraignment in late 2011 and the judge issued a bench warrant. Two years later, defendant was picked up on the bench warrant. In August 2013, defendant appeared for a status conference, however the judge adjourned the conference to allow the State to determine restitution. The State resolved the issue and defendant was to appear on September 23, 2013, which she failed to do, resulting in the issuance of a second bench warrant.

In May 2018, police picked defendant up on the second bench warrant as a result of a motor vehicle stop. The judge held a status conference on May 14, 2018 and set a June date for defendant's next appearance. Thereafter, defendant applied for PTI. On June 25, 2018, defendant failed to appear again and represented to her attorney that she had a family medical issue, which she failed

A-4808-18

to proffer documentation of, thereby resulting in the issuance of a third bench warrant.

Although the PTI director recommended accepting defendant's application, in August 2018, the prosecutor objected. On September 24, 2018, the judge heard argument on defendant's appeal from the prosecutor's denial of her application and upheld that determination.

Defendant then pled guilty to the charge. The plea agreement reflected the State would recommend a five-year probationary term, and restitution in the amount of $15,000 to be paid in monthly increments of $50. The judge sentenced defendant to three-years' probation and imposed the fines.

On appeal, defendant raises the following issue for this court's consideration:

> POINT I
>
> THE TRIAL [JUDGE] ERRED IN FINDING THE STATE'S DENIAL OF [DEFENDANT'S] APPLICATION FOR [PTI], WHICH IMPERMISSIBLY OPPOSED HER ENTRY INTO THE PROGRAM ON THE BASIS OF HER INABILITY TO PAY FULL RESTITUTION UPFRONT, WAS NOT AN ABUSE OF DISCRETION.

Deciding whether to permit a defendant to divert to PTI "is a quintessentially prosecutorial function," State v. Wallace, 146 N.J. 576, 582

(1996), for which a prosecutor is given "broad discretion," State v. K.S., 220 N.J. 190, 199 (2015).  It involves the consideration of the non-exhaustive list of seventeen statutory factors, enumerated in N.J.S.A. 2C:43-12(e), in order to "make an individualized assessment of the defendant considering his or her amenability to correction and potential responsiveness to rehabilitation." State v. Roseman, 221 N.J. 611, 621-22 (2015) (citations and internal quotation marks omitted).  "These factors include 'the details of the case, defendant's motives, age, past criminal record, standing in the community, and employment performance[.]'" Id. at 621 (alteration in original) (quoting State v. Watkins, 193 N.J. 507, 520 (2008)).

That said, the scope of this court's review of a PTI rejection is severely limited and designed to address "only the 'most egregious examples of injustice and unfairness.'" State v. Negran, 178 N.J. 73, 82 (2003) (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)).  "In order to overturn a prosecutor's rejection, a defendant must 'clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion,'" meaning that the decision "has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention." Watkins, 193 N.J. at 520 (first quoting State v. Watkins, 390

4

N.J. Super. 302, 305-06 (App. Div. 2007); and then quoting Wallace, 146 N.J. at 582-583).

An abuse of discretion has occurred where defendant can prove "that the denial '(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment[.]'" State v. Lee, 437 N.J. Super. 555, 563 (App. Div. 2014) (quoting State v. Bender, 80 N.J. 84, 93 (1979)). "In order for such an abuse of discretion to rise to the level of 'patent and gross,' it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [PTI]." Roseman, 221 N.J. at 625 (quoting Bender, 80 N.J. at 93). "The extreme deference which a prosecutor's decision is entitled to in this context translates into a heavy burden which must be borne by a defendant when seeking to overcome a prosecutorial veto of his [or her] admission into PTI." State v. Kraft, 265 N.J. Super. 106, 112 (App. Div. 1993). Defendant cannot meet this steep burden here. Defendant's conduct throughout the litigation demonstrates that she was, and continues to be, a poor candidate for PTI. Applying these principles, the prosecutor's decision to deny defendant's entry into PTI does not amount to a "patent and gross" abuse of discretion.

A-4808-18

A PTI diversion decision is not limited to consideration of the gravity of the crimes committed but must also consider the applicant's "amenability to correction" and "responsiveness to rehabilitation." RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 474 (2018). N.J.S.A. 2C:43-12(e) sets forth factors encompassing these concepts that prosecutors must contemplate before accepting or rejecting entry into PTI. While the prosecutor may not make defendant's ability to pay restitution the sole reason for the denial, there will be no abuse of discretion when the restitution finding is "only [one] of the many valid considerations that support defendant's rejection." State v. Imbriani, 291 N.J. Super. 171, 181 (App. Div. 1996). This was the case here.

The prosecutor found factors seven and fourteen, N.J.S.A. 2C:43-12(e)(7) and (14), "the interests of society and the victims," because defendant, who was unemployed and suffering from addiction, represented that the she could only restore $1,800 of the $30,000 in stolen jewelry; a "woefully" small percentage that would not be in the victim's or society's best interest to accept. In addition, however, the prosecutor found factors two and eight,[1] and detailed

---

[1] The State acknowledged in its merits brief that defendant's failures to appear were incorrectly categorized as supporting factor eight, N.J.S.A. 2C:43-12(e)(8). The State maintains that defendant's failures to appear are still a relevant consideration under N.J.S.A. 2C:43-12(e)(3), "the motivation and age of the defendant."

A-4808-18

each in his statement of reasons. As to factor two, N.J.S.A. 43-12(e)(2), "the facts of the case," the prosecutor gave weight to the fact that defendant took advantage of the victim's kindness with an act of greed. As to factor eight, N.J.S.A. 2C:43-12(e)(8), defendant's "continuing pattern of anti-social behavior," the prosecutor emphasized that defendant's failure to appear at her arraignment in 2011, the hearing in September 2013, and her failure to appear at another hearing in June 2018, reflected a "complete disregard for the criminal justice system" that rendered her an "[un]acceptable candidate for the PTI program." These factors supporting the prosecutor's veto make clear that defendant's inability to pay restitution was not the "sole" factor.

Moreover, defendant's inability to pay restitution was not the determinative factor supporting the denial. Rather, defendant's pattern of misconduct and inability to appear was. The prosecutor emphasized in both his statement of reasons and throughout the litigation that he was giving substantial weight to defendant's failures to appear and comply, which showed defendant's lack of motivation to avail herself of PTI. Defendant's failure to appear more than four times, and her disappearance for a period of years before being brought in on bench warrants, evidences that she is not "amen[able] to correction" nor "responsive[] to rehabilitation." See RSI Bank., 234 N.J. at

A-4808-18

At the hearing on defendant's motion for admission into PTI over the prosecutor's objection, the assistant prosecutor argued defendant's conduct alone should bar her entry into the program, noting that "unless there [is] some compelling reason why this defendant should get PTI, based on her continued lack of appearance, the State does not view this candidate as someone who would be amenable to PTI." The assistant prosecutor made no similar mention of defendant's inability to pay the restitution in full. The judge therefore concluded that the prosecutor's denial was "not a patent[] and[] gross abuse of discretion where the defendant, who was [admitted] in[to] PTI, did not even make an attempt to comply with the terms of PTI," and that defendant was "not a candidate for PTI because of the several failures to appear in this court, and, the absolute failure to even attempt to comply when she was admitted into PTI." We see no abuse of discretion in the denial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION