**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2042-23

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

BRIAN S. EDELMAN,

    Defendant-Respondent.

_____

Submitted October 16, 2024 – Decided October 24, 2024

Before Judges Gooden Brown and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 22-08-1533.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for appellant (William K. Meighan, Supervising Assistant Prosecutor, on the brief).

Bio & Laracca, PC, attorneys for respondent (Sebastian M. Bio, on the brief).

PER CURIAM

The State appeals from a Law Division order directing defendant's admittance into the Pretrial Intervention Program (PTI) over the objection of the Ocean County Prosecutor's Office (the Prosecutor). Defendant, Brian S. Edelman, applied for entry into PTI after being indicted for second-degree burglary and two counts of simple assault. The Prosecutor declined consent, relying significantly on the victims' objection and defendant's entry into the victims' home prior to assaulting multiple people in front of young children. The trial court found the Prosecutor's determination was a patent and gross abuse of discretion. After our de novo review, we reverse the trial court's order and remand for further proceedings.

I.

We glean the salient facts from the motion record. On or about September 4, 2021, multiple Toms River Police Officers responded to a call for service at a residence and spoke with several victims who reported defendant had assaulted them.

The victims recounted the incident, reporting defendant had approached their back door and began screaming at a female in the residence. The female victim stated defendant struck her in the head while he forced his way into the residence, injuring her head and right shoulder. Defendant continued into the

home, encountered a male occupant and punched him in the face. During the continued physical altercation between the two males, defendant accused the occupants of threatening and insulting his family.

The investigating officers saw signs of injury on both the complaining occupants. The female victim suffered a right shoulder injury that required surgery and physical therapy.

Defendant alleged the victims made derogatory comments about his family. He asserted that when he arrived at the victims' residence, he walked through the open sliding glass door to speak with the male occupant and a physical altercation ensued.

On September 9, 2021, defendant was charged with second-degree burglary, N.J.S.A. 2C:18-2(b)(1), and two counts of simple assault, N.J.S.A. 2C:12-1(a)(1). Defendant submitted a letter to the Prosecutor in support of his application to PTI, asserting he was a fifty-five year old college-educated business owner with no prior criminal history who financially supports his family.

The Prosecutor declined consent to defendant's PTI admission, since defendant had entered the victims' home and assaulted multiple people in front of young children, and the victims objected to his admittance into the program.

3

In denying consent, the Prosecutor stated defendant's reasons for seeking PTI were not compelling enough to outweigh the factors disfavoring PTI.

In a supplemental letter, the Prosecutor provided an in-depth analysis of the seventeen statutory factors[1] governing PTI admission applications and explained the lack of consent. The Prosecutor found seven factors weighed against admission, seven factors were inapplicable, and three factors weighed in favor of admission.

The Prosecutor considered the nature of the offense and the facts of the case, determining those factors weighed against admission because defendant was charged with a violent crime. In addition, the Prosecutor considered whether the criminal act itself resulted in injuries to others, finding this factor weighed against admission because of the injuries to both victims.

Next, the Prosecutor considered the needs and interests of the victims and society, determining they weighed against admission because of society's interest in prosecuting violent offenders and since the victims strongly opposed defendant's entry into PTI. The Prosecutor then considered whether the value in supervisory treatment is outweighed by the public need for prosecution and whether there is harm to society in abandoning criminal

---

[1] N.J.S.A. 2C:43-12(e).

prosecution, finding there is a strong public interest in prosecuting high degree crimes as the public is entitled to feel safe.

The Prosecutor found three factors weighed in favor of admission. Specifically, the Prosecutor determined defendant's age and motivation weighed in favor of admission because he was a fifty-five year old business owner at the time of the offense and had no prior involvement with law enforcement. The Prosecutor also considered whether defendant had any involvement with organized crime, finding the absence of such evidence weighed in defendant's favor. The Prosecutor found the remaining seven statutory factors were inapplicable.

Defendant appealed to the Law Division, primarily arguing the State did not give sufficient weight to the factors in favor of admission and placed too much weight on the nature and circumstances of the case, the victims' desires, and the violent nature of the crime. After oral argument, the trial court entered an order accompanied by a written opinion granting defendant's appeal and authorized his admittance into PTI.

In so ruling, the trial judge concluded the Prosecutor properly assessed factors one, two, four, eight, nine, ten, twelve, and sixteen, but found factors three, seven, eleven, fourteen, and seventeen should have been weighed in

favor of defendant's admission into PTI. The trial court found factor six should have been considered neutral because there was no evidence supporting its application. The judge also found the Prosecutor erred in considering factors thirteen, fifteen, and sixteen as neutral or weighing against admission, finding they should have been weighed in favor of defendant's application.

The trial court found the Prosecutor did not adequately consider defendant's statement of compelling reasons and his amenability to rehabilitation. Ultimately, the judge found there was a "patent and gross abuse of discretion not only in denying consent to apply to PTI, but in considering [d]efendant's application" and those errors subverted the purpose of PTI.

The State appealed the trial court's decision.

## II.

Deciding whether to permit a defendant to divert to PTI "is a quintessentially prosecutorial function," State v. Wallace, 146 N.J. 576, 582 (1996), for which a prosecutor is "granted broad discretion." State v. K.S., 220 N.J. 190, 199 (2015). It involves the consideration of the non-exhaustive list of seventeen statutory factors enumerated in N.J.S.A. 2C:43-12(e), in order to "make an individualized assessment of the defendant considering his or her amenability to correction and potential responsiveness to rehabilitation." State

v. Roseman, 221 N.J. 611, 621-22 (2015) (quoting State v. Watkins, 193 N.J. 507, 520 (2008)) (internal quotation marks omitted).  Under Rule 3:28-4, in addition to considering the seventeen individual factors listed in N.J.S.A. 2C:43-12(e), "[t]he nature of the offense should be considered in reviewing the application" and "[i]f the crime was . . . deliberately committed with violence or threat of violence against another person[,] . . . the defendant's application should generally be rejected."  R. 3:28-4(b)(1).

Under this statutory and rule-based framework, the scope of our review of a prosecutor's PTI rejection is severely limited and designed to address "only the 'most egregious examples of injustice and unfairness.'" State v. Negran, 178 N.J. 73, 82 (2003) (quoting State v. Leonardis, 73 N.J. 360, 392 (1977)).  Thus, "[i]n order to overturn a prosecutor's rejection, a defendant must 'clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion[,]'" meaning that the decision "has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention." Watkins, 193 N.J. at 520 (quoting State v. Watkins, 390 N.J. Super. 302, 305 (App. Div. 2007)); Wallace, 146 N.J. at 582-83.

A-2042-23

An abuse of discretion only occurs where clear and convincing evidence establishes "that the [PTI] denial '(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment . . . .'" State v. Lee, 437 N.J. Super. 555, 563 (App. Div. 2014) (quoting State v. Bender, 80 N.J. 84, 93 (1979)). "The extreme deference which a prosecutor's decision is entitled to in this context translates into a heavy burden which must be borne by a defendant when seeking to overcome a prosecutorial veto of his [or her] admission into PTI." State v. Kraft, 265 N.J. Super. 106, 112 (App. Div. 1993).

A prosecutor's consideration of a PTI application must be based on the criteria set forth in N.J.S.A. 2C:43-12(e), as well as those found in Rule 3:28-4(b). R. 3:28-4(a). In accordance with Rule 3:28-1(d)(1), a "person who is charged with a crime, or crimes, for which there is a presumption of incarceration or a mandatory minimum period of parole ineligibility" is ineligible for PTI without prosecutorial consent. A defendant charged with a first- or second-degree crime must also enter a guilty plea to be considered for PTI admission. R. 3:28-5(b)(2); see also N.J.S.A. 2C:43-12(g)(3).

"A trial court does not evaluate a PTI application 'as if it [stands] in the shoes of the prosecutor.'" State v. Hoffman, 399 N.J. Super. 207, 216 (App. Div. 2008) (quoting Wallace, 146 N.J. at 589). It is the "fundamental responsibility" of the prosecutor to decide whom to prosecute, Kraft, 265 N.J. Super. at 111, and prosecutors have wide latitude in PTI determinations, Wallace, 146 N.J. at 582; State v. Nwobu, 139 N.J. 236, 246 (1995).

Guided by these principles, we reverse the trial court's order granting defendant's appeal and admitting him into PTI over the Prosecutor's objection. A thorough review of the record shows that the Prosecutor considered, weighed, and balanced all the requisite factors, including those personal to the defendant, along with the facts and circumstances of the offense. The Prosecutor's determination does not amount to a gross or patent abuse of discretion.

Defendant was charged with second-degree burglary, which carries a presumption of incarceration and ineligibility for PTI, requiring consent of the Prosecutor. N.J.S.A. 2C:44-1(d); R. 3:28-1(d)(1). To overcome this presumption, "a defendant must demonstrate something extraordinary or unusual, something 'idiosyncratic,' in his or her background." Nwobu, 139 N.J. at 252. Defendant presented no such evidence in this case.

While defendant is an educated business owner and has family support, these characteristics are not so unique to overcome the presumption of ineligibility. Defendant maintains his actions were in retaliation for the victims having made derogatory comments about his family. There is nothing in the record evidencing extraordinary or unusual circumstances in defendant's background to overcome the presumption of ineligibility for PTI.

The legal issue before the trial court was whether the Prosecutor's decision could not reasonably have been made on a weighing of the relevant factors. Nwobu, 139 N.J. at 254. "A reviewing court 'does not have the authority in PTI matters to substitute [its own] discretion for that of the prosecutor.'" Id. at 253 (alteration in original) (quoting Kraft, 265 N.J. Super. at 112).

Defendant failed to clearly and convincingly establish the Prosecutor's decision went so wide of the mark sought to be accomplished by PTI, fundamental fairness and justice, that judicial intervention was required. The trial court's alternative analysis of the statutory factors does not overcome the strong presumption in favor of PTI ineligibility. The trial court relied heavily upon defendant's educational background, along with his status as a business owner and his family support, but did not elucidate how these characteristics

10

are so "extraordinary or unusual" to overcome the presumption in favor of ineligibility. It appears the trial court merely disagreed with the Prosecutor's reasons for rejecting defendant from PTI, without making a determination that no reasonable prosecutor could have reached a similar conclusion in weighing the factors on defendant's PTI application.

The Prosecutor did evaluate the relevant factors and exercised permissible discretion in refusing to consent to defendant's admission into PTI, considering the presumption of incarceration presented by the charged offenses. While it is possible that reasonable minds could differ in analyzing and balancing the applicable factors in this case, judicial disagreement with a prosecutor's reasons for rejection, as occurred here, does not equate to patent and gross abuse of discretion to merit a judicial override.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2042-23